**In Re FORFEITURE OF $2,367.00 U.S. CURRENCY.**

[Cite as *In re Forfeiture of $2,367.00 U.S. Currency* (1993), 91 Ohio App.3d 384.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–219.

Decided Nov. 2, 1993.

*Michael Miller,* Franklin County Prosecuting Attorney, and *Carol Hamilton O'Brien,* Assistant Prosecuting Attorney, for appellee state of Ohio.

*Samuel B. Weiner,* and *David J. Graeff,* for appellant.

WHITESIDE, Judge.

Respondent-appellant, Ricky LaMarr, appeals a judgment of the Franklin County Court of Common Pleas adopting as its own the findings of a referee and granting the petition in forfeiture of petitioner, the state of Ohio, pursuant to R.C. 2925.43.

Respondent raises the following assignment of error:

"When the claimant in a forfeiture action moves to stay the proceedings until the conclusion of the underlying criminal allegations, the refusal by the court to grant the stay, is prejudicial as matter of law, pursuant to the due process clause of the constitution."

This civil forfeiture action was commenced on May 31, 1991, on behalf of the state by the Prosecuting Attorney of Franklin County by filing a petition in forfeiture pursuant to R.C. 2925.43, requesting an order of forfeiture on a 1991 Chevrolet Camaro, a 1987 Cadillac DeVille, and $2,367 U.S. currency. R.C. 2925.43 provides that:

"(A) The following property is subject to forfeiture to the state in a civil action * * * and no person has any right, title, or interest in the following property:

"(1) Any property * * * derived directly or indirectly from * * * the commission of an act that * * * could be prosecuted as a felony drug abuse offense * * *;

"(2) Any property that was used or intended to be used in any manner to commit, or to facilitate the commission of, an act that * * * could be prosecuted as a felony drug abuse offense * * *."

Respondent claims a property interest in $795 of the $2,367 U.S. currency and holds legal title to the two automobiles. The 1991 Chevrolet and $795 U.S. currency have been in the custody of the Columbus, Ohio Division of Police since seizure on April 30, 1991. On December 20, 1991, the 1987 Cadillac was released to respondent subject to certain conditions and a surety bond in the amount of $8,000.

At the commencement of trial on September 4, 1992, respondent was a defendant in a criminal proceeding arising from the same facts underlying the forfeiture action also commenced in May 1991. The allegations were that appellant was involved in a drug transaction in which drugs were transferred from the Cadillac to the Chevrolet.

Concerned that his testimony might be admitted against him in the criminal trial court, respondent did not testify and presented no evidence in the civil forfeiture proceedings. Instead, he filed a motion requesting a stay pending resolution of the criminal charges against him. The motion was denied. When called by the state as a witness upon cross-examination, respondent identified himself and asserted his Fifth Amendment right against self-incrimination.[1]

In the absence of any evidence from respondent, the trial court referee recommended a finding that the state demonstrated by clear and convincing evidence that the $795 cash represented proceeds from the commission of aggravated trafficking in cocaine by respondent, contrary to R.C. 2925.43(A)(1), and that respondent had used both automobiles to facilitate commission of the offense, contrary to R.C. 2925.43(A)(2). The referee recommended an order of forfeiture and her report was adopted by the trial court.

By his assignment of error, respondent argues that the court's denial of his motion to stay the civil forfeiture proceedings until the conclusion of the underlying criminal action is prejudicial as a matter of law pursuant to the Due Process Clause of the United States Constitution. The trial court denied the stay, finding that it could grant a stay only if requested by the prosecution. The trial court misapplied R.C. 2925.43, and thereby erred in denying respondent's motion to stay the civil proceedings.

R.C. 2925.43 establishes an *in rem* civil forfeiture procedure for forfeiture of property used in the commission of a felony drug offense or derived from proceeds obtained from the commission of a felony drug offense. The referee and the trial court construed R.C. 2925.43 to permit a stay only upon motion filed by the prosecutor. Respondent argues that the statute is unconstitutional on its face if it gives only the prosecutor a right to request a stay of civil forfeiture proceedings until final determination of related criminal proceedings.

Respondent chose to assert his right against self-incrimination and, therefore, could not defend his property adequately in the forfeiture action. He refused to testify because his testimony might incriminate him. In the absence of any

---

1. Respondent also "proffered" testimony out of the presence of the referee to the effect that the seized Cadillac and Chevrolet had not been derived from or used in the commission of felony drug abuse offense.

countervailing evidence offered in rebuttal of the state's forfeiture claim, the trial court referee recommended granting the state's petition, stating as follows:

" * * * Respondent argues that his ability to rebut this evidence is, in fact, limited by virtue of the fact that he would have to give up his right against self-incrimination to do so. He urges the Court to stay this matter until after the resolution of the criminal matter. *The State has chosen not to do so.* In fact, it would appear that it was the legislature's intent not to permit delay by Respondent LaMarr since *the statute* itself *gives the State the only vote in whether or not the case is stayed.*

" * * *

"Although *the most equitable way to handle this case may well be to stay the matter until after the resolution of the criminal case,* it would appear that the legislature * * * specifically intended not to do so. * * * " (Emphasis added.)

█ The trial court referee construed R.C. 2925.43(D) to provide: (1) that R.C. 2925.43(D)(1) vests sole discretion in the prosecutor to stay civil forfeiture proceedings; and (2) that R.C. 2925.43(D)(2) reflects the legislature's intent to foreclose a stay of the civil forfeiture proceedings pending a resolution of a subsequently filed criminal case, absent an election by the prosecutor to do so. The consequences of such a construction would be untenable, requiring the respondent to choose either to surrender his property in the forfeiture proceeding or to surrender his right against self-incrimination in the pending criminal proceeding.

R.C. 2925.43(D) allows the state to file its petition in forfeiture without respect to whether felony drug abuse charges have been brought. However, once criminal charges have been brought, the prosecutor should notify the court by moving for a stay of the forfeiture proceedings pending resolution of the criminal charges. The statute appears to confer no discretion upon the court as to whether to grant the stay once criminal charges have been filed and brought to the court's attention.

R.C. 2925.43(D)(1) and (2) read, in pertinent part, as follows:

"(1) *The filing of an indictment* * * * *alleging the commission of a felony drug abuse offense* that also is the basis of a civil action for a civil forfeiture under this section * * * upon the motion of the prosecuting attorney of the county in which the indictment * * * is filed, *shall stay the civil action.*

"(2) *A civil action* to obtain a civil forfeiture under this section *may be commenced* * * * *whether or not the adult* * * * *has been charged by an indictment* * * * with the commission of * * * [a felony drug abuse] offense

* * * has pleaded guilty to or been found guilty of such an offense * * *, [or] has been found not guilty of committing such an offense * * *." (Emphasis added.)

These two paragraphs must be read *in pari materia*. Paragraph (2) simply permits the *commencement* of civil forfeiture proceedings regardless of whether the person committing the felony drug offense leading to the seizure of the property has been charged. Paragraph (1) directs that once felony drug abuse charges *have been* filed, the trial court *must stay* the forfeiture proceedings pending resolution of the criminal charges. The language of R.C. 2925.43(D)(1) mandates that "[t]he filing of an indictment * * * shall stay the civil action." Read *in pari materia* with subparagraph (D)(2), the import of the statute becomes clear: while the state, through the prosecutor, may commence a civil forfeiture proceeding regardless of whether criminal charges have been filed, once an indictment is filed with respect to the underlying offense, the civil forfeiture proceeding must be stayed. The act triggering a stay is the "filing of an indictment," not a motion by the prosecutor or an order of the court.

■ To have the meaning contended by the state, the statute would have to read "[after] the filing of [an] indictment * * * [and] upon the motion of the prosecuting attorney [the court] shall stay the civil action." Neither the trial court nor this court can properly amend the statute to add the words necessary to make the statute have the meaning contended by the state. It is the filing of the indictment, not action by the trial court, that triggers a stay. The phrase "upon motion of the prosecuting attorney" is intended to convey the means by which notice is given to the court that the indictment has been filed so that the court may note the statutorily mandated stay. The statute is not artfully drafted. However, a statutory-construction provision of the Revised Code requires a presumption that in enacting statutes, the General Assembly intends a just and reasonable result which complies with the Constitution. See R.C. 1.47. The General Assembly apparently contemplated the self-incrimination problem that would arise when both civil and criminal proceedings are being simultaneously prosecuted, and R.C. 2925.43(D) represents its effort to avoid the Fifth Amendment problem by providing for a stay of the civil action.

■ The prosecutor in the case *sub judice* should have "moved" the court for a stay once it instituted criminal proceedings against respondent. Absent the state's motion, counsel for respondent properly placed his motion before the court. That motion should have been granted pursuant to R.C. 2925.43(D).

For the foregoing reasons, respondent's assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this

cause is remanded with instructions to stay the forfeiture proceedings pending disposition of the criminal charges against respondent.

*Judgment reversed*
*and cause remanded*
*with instructions.*

PEGGY BRYANT, P.J., and CLOSE, J., concur.