DECISION AND JUDGMENT ENTRY
{¶ 1} In this appeal we are asked to determine whether the trial court erred in denying appellant's motion for the return of property, specifically, a 1998 Dodge Durango, that was allegedly used, or intended for use in the commission of a felony drug abuse offense.
 {¶ 2} On July 6, 2004, a complaint was filed in the Toledo Municipal Court charging appellant, Troy R. Johnson, Jr., with one count of trafficking in drugs (cocaine), a violation of R.C. 2925.03(A)(2), a felony of the first degree, and one count of possession of drugs (cocaine), a violation of R.C. 2925.11(C)(4), a felony of the third degree. At the time of the filing of the complaint, appellee, state of Ohio, seized appellant's Durango.
 {¶ 3} On July 14, 2004, appellant filed a motion for the return of his property. On July 20, 2004, appellee petitioned, pursuant to R.C. 2925.43, the common pleas court for the forfeiture of appellant's Durango. On September 2, 2004, the state, relying on R.C. 2925.43(D)(1), moved the court for a stay of the forfeiture proceeding during the pendency of appellant's criminal case. In his memorandum in opposition to appellee's motion for a stay, appellant contended that despite the motion for a stay, he was entitled, under R.C. 2925.45(C)(1), to a prompt hearing on his motion for the return of property. The trial court denied appellee's motion for a stay and held a hearing on appellant's motion for the return of his Durango.
 {¶ 4} On September 8, 2004, the trial court entered a judgment in which it held, among other things, that:
 {¶ 5} "6. R.C. 2925.45 provides for a procedure to return property unlawfully seized by the law enforcement agency. At first blush, it [R.C. 2925.45] appears to be in conflict with the `stay' provision set forth in R.C. 2925.43. However, with a closer reading of 2925.43, the statute provides a premature release of the property."
 {¶ 6} The trial court went on to find that the burden of proving that appellant was lawfully entitled to the property and that the property was unlawfully seized was on appellant. The judge then concluded that appellant presented no evidence on these issues; therefore, "the movant has not met his burden and the `stay' provision of 2925.43 will not be overcome," and denied the motion for the return of the property. Appellant timely appeals this judgment and alleges that the trial court committed the following errors:
 {¶ 7} "I. It constituted error to require appellant to go forward with evidence at the hearing on his motion for return of property.
 {¶ 8} "II. It constituted error to deny appellant's motion for return of property."
 {¶ 9} In his Assignment of Error No. I, appellant argues that the trial court misallocated the burden of production in determining his motion for a return of property. Appellant's Assignment of Error No. II maintains that the warrantless seizure of his Durango was per se unreasonable under the Fourth Amendment to the Constitution of the United States and, therefore, the state had the burden of establishing that this seizure was lawful. Appellant reasons that because the state failed to meet this burden, the common pleas court should have granted his motion for the return of the seized Durango. Because they are interrelated, appellant's assignments of error shall be considered together.
 {¶ 10} Although the state did not file a notice of a cross appeal, it asserts, in a "counter-assignment of error," that the mandatory stay provision set forth in R.C. 2925.41(D) prevails over the provisions of R.C. 2925.45, which allow the return of seized property. Thus, the state maintains that the trial court should have granted its motion for a stay. We shall consider the state's "counter-assignment of error" as a cross-assignment of error asserted to prevent reversal pursuant to App.R. 3(C)(2) and R.C. 2505.22 and decide it in conjunction with appellant's assignments of error.
 {¶ 11} Our disposition of this appeal requires that we engage in statutory interpretation. All statutes which relate to the same general subject matter must be read in pari material. Cames v. Kemp,104 Ohio St.3d 629, 2004-Ohio-7107, at ¶ 16. In construing statutes together, a court must give them "a reasonable construction as to give the proper force and effect to each and all such statutes. State v.Patterson (1998), 81 Ohio St.3d 524, 525-526, 1998-Ohio-611. The interpretation and application of statutes must be viewed in a manner to carry out the legislative intent of the sections. Johnson's Markets,Inc. v. New Carlisle Dept. of Health (1991), 58 Ohio St.3d 28, 35. All provisions of the Revised Code bearing upon the same subject matter should be construed harmoniously. Id. (Citations omitted.) "This court in the interpretation of related and co-existing statutes must harmonize and give full application to all such statutes unless they are irreconcilable and in hopeless conflict." Id. We shall now apply these precepts to the two statutes in question.
 {¶ 12} R.C. 2925.43(A) authorizes, prior to or contemporaneous with any criminal conviction, the seizure and forfeiture of property that constitutes or was derived from the proceeds of an act that could be prosecuted as a felony drug abuse offense. In re Forfeiture of$2,367.00 U.S. Currency (1993), 91 Ohio App.3d 384, 386; In re Forfeiture of a1991 Chevrolet Camaro, 5th Dist. No. 2002CA00189, 2003-Ohio-1310, at ¶ 38 (citation omitted). A civil forfeiture action may be filed even though the offender has not been charged or convicted, or even though the offender has been found not guilty. R.C. 2925.43(D)(2). However, under R.C. 2925.43(D)(1), once an indictment, information, or complaint alleging a felony drug abuse offense that is also the basis for the civil forfeiture action is filed, and upon the motion of the prosecuting attorney, the court shall stay the civil action. But see, In reForfeiture of $2,367.00 U.S. Currency, at 388 (holding that the filing of the charging instrument, in and of itself, mandates the stay of the civil action). The purpose of the stay is to prevent a Fifth Amendment self-incrimination problem in either the civil forfeiture action or the criminal proceeding. Id. at 388.
 {¶ 13} On the other hand, R.C. 2925.45(A) permits any person, who is aggrieved by a purported unlawful seizure of property that is potentially subject to forfeiture under R.C. 2925.43,[1] to file a motion for the return of the seized property. The aggrieved person may file the motion in, among other places, the common pleas court where "a criminal prosecution for a felony drug offense abuse is pending," R.C. 2925.45(A)(1), or in the common pleas court where an R.C. 2925.43 civil forfeiture proceeding is pending, R.C. 2925.45(A)(3).
 {¶ 14} If the motion for return of property is filed prior to an entry of civil forfeiture pursuant to R.C. 2925.43, the common pleas court is required to schedule a hearing and notify the prosecuting attorney in the county where the property was seized. R.C. 2925.45(C)(1). At the hearing the movant must show, by a preponderance of the evidence, that the property was unlawfully seized and that the movant is lawfully entitled to possession of it. Id. If, however, at the time of the filing of the motion for the return of seized property, a criminal prosecution for a felony drug offense has been commenced by the filing of a complaint, indictment, or information, the common pleas court "shall treat the motion as a motion to suppress evidence." (Emphasis added.) R.C.2925.45(C)(2)(a). Thus, in this limited circumstance, the motion for a return of property is subsumed by the criminal prosecution.
 {¶ 15} In reading the statutory sections together, we therefore conclude that when, as here, a criminal prosecution for a drug abuse felony is commenced at the time that an R.C. 2925.45 motion is filed, the Ohio General Assembly intended that a stay of a civil forfeiture proceeding under R.C. 2925.43(D)(1) would not apply to R.C.2925.45(C)(2)(a). In other words, R.C. 2925.43(D)1) does not prevail over R.C. 2925.45(C)(2)(a). Accordingly, the state's cross-assignment of error to prevent reversal is found not well-taken.
 {¶ 16} Because a criminal prosecution was commenced in this case by the filing of a complaint alleging felony drug abuse charges, R.C.2925.45(C)(2)(a) mandates that the common pleas court should have treated appellant's motion for the return of property as a motion to suppress. It is the state's burden of proof on a motion to suppress to demonstrate, by a preponderance of the evidence, that the allegedly unlawfully obtained evidence should not be suppressed. Xenia v. Wallace (1988),37 Ohio St.3d 216, paragraph two of the syllabus; Athens v. Wolf (1974),38 Ohio St.2d 237. Accordingly, the common pleas court did err in placing that burden upon appellant. Therefore, appellant's Assignment of Error No. I is found well-taken. Nevertheless, due to the fact that the trial court applied the wrong standard, we will remand this case to that court for the application of the correct standard, and, resultantly, the issue in appellant's Assignment of Error No. II is not ripe for review.
 {¶ 17} On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. This cause is remanded to that court for further proceedings consistent with this judgment. The state of Ohio is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Reversed.

 In re: Seizure of 1998 Dodge Durango
 Vin #1D4HF28Y7WF162133
 Troy R. Johnson, Jr. Movant/Party of
 Interest
 C.A. No. L-04-1295

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Mark L. Pietrykowski, J., and William J. Skow, J., concur.
[1] R.C. 2925.45(A) also applies to property that is the subject of R.C. 2925.42 criminal forfeiture proceedings.