OPINION
{¶ 1} In this appeal we are asked to determine whether the trial court erred in denying appellant's motion for the return of property, specifically, $317.49 in U.S. Currency, and granting the appellee's motion for summary judgment on the ground that said currency was allegedly used, or intended for use in the commission of a felony drug abuse offense. Appellant does not contest the propriety of the forfeiture of a Rueger nine millimeter handgun.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On or about May 16, 2005, officers of the Alliance Police Department responded to a disturbance call at 1225 South Linden Avenue in the City of Alliance, Stark County, Ohio. The caller had reported that several subjects had surrounded the residence and attempted to gain entry and one of the individuals had a handgun. Officers arrived and secured the subjects. It was determined that, appellant, James Turner, had been the individual with the handgun as the weapon was discovered inches away from his side when he was forced to the ground by the officers. James Turner was identified by witnesses as the individual with the gun.
 {¶ 3} Officers determined that appellant was a convicted felon having been convicted for conspiracy to distribute cocaine in 1995. Appellant was sentenced to six years in prison with three years post release control in that case. As a convicted felon, officers determined that appellant was in possession of weapons while under a disability and he was arrested. A search incident to his arrest revealed a knife in appellant's possession and he was transported to the Alliance Police Department for booking. While searching appellant at the Alliance facility for booking, $317.49 in U. S. Currency and a sealed piece of a baggy containing four Viagra pills were located in his left pants pocket.
 {¶ 4} Appellant has no prescription for the Viagra pills. Given appellant's prior conviction for distribution of cocaine, the nature of the packaging of the pills, and his lack of employment, officers determined that the $317.49 in U. S. Currency was the proceeds of the illegal sale of the Viagra pills.
 {¶ 5} Appellant was charged with carrying concealed weapon [F4], for the Rueger nine millimeter handgun found near his person; carrying concealed weapon [M1], for the knife found in his pocket; and possession of dangerous drugs, [M1] for the Viagra pills found in his pants pocket.
 {¶ 6} On June 27, 2005, Appellant was indicted for having a weapon while under disability, a felony of the third degree; carrying a concealed weapon, a felony of the fourth degree; carrying a concealed weapon, a misdemeanor of the first degree; and possession of dangerous drugs, a misdemeanor of the first degree in Stark County Court of Common Pleas, Case Number 2005CR0724.
 {¶ 7} On October 5, 2005, Appellant entered pleas of guilty to felonies contained in indictment and misdemeanors were dismissed. Appellant was sentenced on November 14, 2005.
 {¶ 8} On July 21, 2006, Appellant filed a motion in underlying criminal case for return of property seeking only the return of the $317.49. Appellant also filed a motion for suspension of court costs and fine.
 {¶ 9} On July 26, 2006, the State filed a complaint for forfeiture in Stark County Court of Common Pleas, Case Number 2006MI00193, in response to appellant's request for return of property.
 {¶ 10} On July 27, 2006, trial court dismissed appellant's motion for return of property, reasoning that the matter was to be decided in the civil action, Case Number 2006MI00193, rather than in the underlying criminal case.
 {¶ 11} On August 1, 2006, the trial court denied suspension of court costs and fine.
 {¶ 12} On August 4, 2006, Appellant answered the complaint for forfeiture by filing a motion to dismiss under Civ.R. 12(B) (6).
 {¶ 13} On August 14, 2006, the State responded to appellant's request for dismissal by pleading authority to pursue forfeiture under R.C. § 2925.43(D) (2).
 {¶ 14} On August 22, 2006, the trial court denied appellant's motion to dismiss.
 {¶ 15} On September 5, 2006 appellant filed a motion for summary judgment. On September 19, 2006 appellee filed a response to appellant's motion for summary judgment and a cross-motion seeking summary judgment on the forfeiture complaint, together with the affidavit of Captain Scott Griffith of the Alliance Police Department. Appellant filed his response on September 25, 2006.
 {¶ 16} By Judgment Entry filed October 10, 2006 the trial court denied appellant's motion for summary judgment and granted the State's cross-motion for summary judgment for forfeiture of the currency.
 {¶ 17} It is from the trial court's October 10, 2006, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 18} "I. IT WAS PLAIN ERROR FOR TRIAL COURT TO ASSUME JURISDICTION, AND PROCEED TO JUDGMENT PREJUDICIAL TO APPELLANT, WHERE PROSECUTING PARTY LACKED SUBSTANTIVE AUTHORITY TO PURSUE FORFEITURE ACTION."
 I. {¶ 19} Appellant, in his sole assignment of error, argues that the trial court erred in granting appellee's Motions for Summary Judgment because the court broadly construed the meaning and application of R.C.2925.43(A). Appellant specifically contends that the trial court erred in ordering the forfeiture of the $317.49 in U.S. Currency pursuant to such section when appellant was not charged or convicted of a felony drug abuse offense. We disagree.
 {¶ 20} Civ. R. 56(C) states that summary judgment shall be rendered forthwith if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party.Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359,604 N.E.2d 138.
 {¶ 21} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, 605 N.E.2d 936, citing Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 65-66, 375 N.E.2d 46.
 {¶ 22} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. The moving party may not fulfill its initial burden simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Id. Rather, the moving party must support its motion by pointing to some evidence of the type set forth in Civ.R. 56(C), which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. Id. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. Id. However, once the moving party satisfies its initial burden, the nonmoving party bears the burden of offering specific facts showing that there is a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but, instead, must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Civ.R. 56(E);Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735, 600 N.E.2d 791.
 {¶ 23} Appellate review of summary judgments is de novo. Koos v. Cent.Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265;Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8, 536 N.E.2d 411. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court is found to support it, even if the trial court failed to consider those grounds. See Dresher, supra; Coventry Twp. v.Ecker (1995), 101 Ohio App.3d 38, 41-42, 654 N.E.2d 1327.
 {¶ 24} R.C. 2925.43(A) states, in relevant part, as follows: "The following property is subject to forfeiture to the state in a civil action as described in division (E) of this section, and no person has any right, title, or interest in the following property:
 {¶ 25} Any property that constitutes, or is derived directly or indirectly from, any proceeds that a person obtained directly or indirectly from the commission of an act that, upon the filing of an indictment, complaint, or information, could be prosecuted as a felonydrug abuse offense . . ." Pursuant to R.C. 2925.43(D)(2), "[a] civil action to obtain a civil forfeiture under this section may be commenced as described in division (E) of this section whether or not the adult or juvenile who committed a felony drug abuse offense or an act that, if committed by an adult, would be a felony drug abuse offense has been charged by an indictment, complaint, or information with the commission of such an offense or such an act, has pleaded guilty to or been found guilty of such an offense, has been determined to be a delinquent child for the commission of such an act, has been found not guilty of committing such an offense, or has not been determined to be a delinquent child for the alleged commission of such an act." [Emphasis added]. A civil forfeiture action may be filed even though the offender has not been charged or convicted, and even though the offender has been found not guilty. R.C. 2925.43(D) (2). In re: 1998 Dodge Durango, 6th Dist. No. L-04-1295, 2005-Ohio-6004 at ¶ 12. However, the law does not favor forfeitures and statutes imposing forfeiture should be strictly construed, and whenever possible, forfeiture should be avoided. State v. Hill, 70 Ohio St.3d 25, 31, 1994-Ohio-12,635 N.E.2d 1248.
 {¶ 26} Accordingly, in the case sub judice, in order to determine whether the money should be forfeited to the State, the trial court was not limited to the actual underlying offense to which appellant was indicted and pled which, in the case sub judice was Having a Weapon Under Disability, a felony of the third degree, and Carrying a Concealed Weapon, a felony of the fourth degree. Rather, the trial court was justified in ordering forfeiture of the money if appellant committed a felony drug abuse offense, regardless of whether he had been charged with such offense, and if the money was directly or indirectly the proceeds from such offense. Thus, contrary to appellant's assertion, the trial court was not limited to consideration of the underlying offenses to which he plead guilty. State v. 1991 Chevrolet Camero, 5th Dist. No. 2002CA00189, 2003-Ohio-1310 at ¶ 39.
 {¶ 27} In his affidavit submitted in support of appellee's cross-motion for summary judgment, Captain Scott Griffith averred that "[t]he nature of the packaging of the [Viagra] pills is consistent with packaging in trafficking cases I have investigated . . . [Appellant] lacks employment for a legitimate source of the $317.49 in U.S. Currency leading to believe that it was the proceeds of the illegal sale of the Viagra pills . . . Based upon all the circumstances of the seizure, and on my training and experience, the subject property represents proceeds obtained from drug sales . . ."
 {¶ 28} After a review of the record, we find that appellee did meet their initial burden under Civ. R. 56 as appellee set forth specifically which areas of appellant's claim raise no genuine issue of material fact. After a proper motion for summary judgment is made, "the nonmoving party must do more than supply evidence of a possible inference that a material issue of fact exists; it must produce evidence of specific facts which establish the existence of an issue of material fact."Carrier v. Weisheimer Companies, Inc. (Feb. 22, 1996), Franklin App. No. 95AP-488, citing Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 570 N.E.2d 1095. "It is the nonmoving party's responsibility to produce evidence on any issue for which it bears the burden of production at trial." Id., citing Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 526 N.E.2d 798.
 {¶ 29} Appellant presented no affidavits or other evidentiary quality materials to dispute the appellee's claim that the money was the proceeds of a felony drug offense. Appellant never indicated to the trial court that the funds came from a legitimate source such as, for example, a paycheck.
 {¶ 30} A party cannot avoid summary judgment solely by submitting a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party. Bell v. Beightler, Franklin App. No. 02AP-569, 2003-Ohio-88. As such, a party's unsupported and self-serving assertions offered by personal affidavit and without corroborating evidentiary materials will not be sufficient to demonstrate a material issue of fact precluding summary judgment. Id. Such possibility, that the funds "could have come from a legitimate source," based only on the affiant's belief does not create a genuine issue of material fact, but rather require a trier of fact to render a decision based upon mere speculation. It is well-settled that "a jury verdict may not be based upon mere speculation or conjecture."Westinghouse Elec. Corp. v. Dolly Madison Leasing Furniture Co.
(1975), 42 Ohio St.2d 122, 126, 326 N.E.2d 651.
 {¶ 31} The appellant's theory of the case was simply that the State could not seek forfeiture because he was not charged or convicted of a felony drug offense. As we have already noted that premise is incorrect. Appellant did not present any evidence to raise an issue of fact to rebut the State's evidence that the money came from a felony drug offense. After a thorough review of the record, we find Appellant has not sustained the burden of showing that the funds were not directly or indirectly the proceeds from such offense.
 {¶ 32} Based on the foregoing, we find that the trial court did not improperly construe the meaning and application of R.C. 2925.43(A) (1).
 {¶ 33} Appellant's sole assignment of error is overruled.
 {¶ 34} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
Gwin, P.J., and Farmer, J., concur; Hoffman, J., concurs separately