OPINION *Page 2 
{¶ 1} Plaintiff-appellant, John W. Combs, appeals the judgment of the Licking County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Stephen Spence, in this personal injury action.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant alleged that on February 10, 2002, he was pumping gas into his vehicle at a Flying J service station in Millersburg, Ohio, when he was hit on the left heel by a vehicle driven by Appellee. Appellant immediately noticed a bruise on his left heel and showed this to Appellee. The parties exchanged information and went on their way. On February 11, 2002, appellant went to the hospital and was treated for injuries to his lower left leg.
 {¶ 3} On February 10, 2004, appellant filed his original complaint against appellee in the Licking County Court of Common Pleas. Appellant voluntarily dismissed the case pursuant to Civ. R. 41(A) on May 27, 2004. Appellant re-filed the instant complaint on May 26, 2005.
 {¶ 4} On October 25, 2005, appellee filed a motion for summary judgment. Appellee asserted that appellant's original complaint in 2004 was filed outside the applicable two year statute of limitations set forth in Ohio R.C. § 2305.10, which provides in pertinent part:
 {¶ 5} "A. Except as provided in division (C) of this section, an action based on a product liability claim and an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues." *Page 3 
 {¶ 6} Appellee testified in his deposition and affidavit that the incident at the Flying J occurred on Friday, February 8, 2002, at approximately 4:30 p.m., as appellee was returning home from work. Appellee also relied upon Appellant's medical and insurance claims records, which were properly before the trial court, reflecting February 8, 2002 as the date of Appellant's injury.
 {¶ 7} In opposition, appellant argued a genuine issue of material fact existed as to the date of the incident because appellant testified by affidavit that he believed the date was either February 8, 2002, or February 10, 2002.
 {¶ 8} Appellant also contends he was "unaware of injury" to his left leg until February 11, 2002, when he could not put weight on it or walk on his leg and went to the emergency room for medical treatment. Relying upon the "discovery rule" as set forth by the Ohio Supreme Court inO'Stricker v. Jim Walter Corp. (1983), 4 Ohio St.3d 84, 447 N.E.2d 727, at paragraph 2 of syllabus, appellant asserts that the statute of limitations did not begin to run until February 11, 2002.
 {¶ 9} The trial court, without reasoned analysis, granted the appellee's summary judgment motion in a decision issued on February 3, 2006, and journalized entry filed February 23, 2006.
 {¶ 10} Appellant now appeals from the trial court's entry granting summary judgment, raising the following assignment of error:
 ASSIGNMENT OF ERROR {¶ 11} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR THE DEFENDANT BASED UPON THE STATUTE OF LIMITATIONS." *Page 4 
 {¶ 12} On appeal, appellant continues to maintain a genuine issue of material fact exists as to whether the underlying incident occurred on February 8, 2002, or February 10, 2002, and that the "discovery rule" applies in determining the running of the statute of limitations.
 {¶ 13} Our standard of review is de novo, and as an appellate court, we must stand in the shoes of the trial court and review summary judgment on the same standard and evidence as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36.
 {¶ 14} Civil Rule 56 (C) states:
 {¶ 15} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 16} Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356.
 {¶ 17} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this *Page 5 
requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahilla v. Hall (1997), 77 Ohio St.3d 421, 429, citingDresher v. Burt (1996), 75 Ohio St.3d 280.
 {¶ 18} As an initial matter, this Court notes the trial court failed to explain how it reached its decision and fails to provide any legal analysis to support its judgment. Although we conduct a thorough de novo review of the record on appeal, it would benefit not only this court, but also the litigants and attorneys, if the trial court gave a concise explanation of its reasoning.
 {¶ 19} Revised Code § 2305.10 sets forth a two-year statute of limitations for personal injury actions. Personal injury claims arising from a motor vehicle accident accrue on the day of accident, and the statute of limitations for such claims expires on the two-year anniversary date of the incident. Thomas v. Galinsky (May 28, 2004), Ohio 11th Dist., Geauga App. 2003-G-2537, at paragraph 15.
 {¶ 20} In the case sub judice, appellant was injured by a motor vehicle. Accordingly, the statute of limitations for his injury began to run from the date of the accident.
 {¶ 21} This Court must next determine whether there is a genuine dispute of fact regarding the date of the accident. Appellant attempts to create a dispute of fact on this issue by testifying it was either February 8, 2002 or February 10, 2002 with a self-serving affidavit. A party cannot avoid summary judgment solely by submitting a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party. State of Ohio v. $317.49 In U.S.Currency, Ohio 5th Dist., Stark App. 2006-CA-00318, 2007-Ohio-475, at paragraph 30. As such, a party's *Page 6 
unsupported and self-serving assertions offered by personal affidavit and without corroborating evidentiary materials will not be sufficient to demonstrate a material issue of fact precluding summary judgment. Id.
 {¶ 22} There are several evidentiary quality materials in the record which clearly indicate the actual date of the occurrence.
 {¶ 23} First, appellant's first attorney states in a letter to MetLife Auto Home that the date of loss is February 8, 2002. See, Appellee'sExhibit A to the Motion for Summary Judgment.
 {¶ 24} On February 11, 2002, the emergency room nurse writes in a report that "last Friday . . . states was hit by vehicle (as pedestrian.)" Appellee's Exhibit B1 to the Motion for SummaryJudgment.
 {¶ 25} Finally, appellant's doctor states in a medical record that "[t]his occurred on 2/8/02." Appellee's Exhibit B to the Motion forSummary Judgment.
 {¶ 26} There is not a question of fact as to the date of occurrence in spite of appellant's self-serving affidavit. Accordingly, appellant was required to initiate his personal injury action by February 8, 2004, the two-year anniversary of the accident. Appellant filed his initial lawsuit on February 10, 2004 two days after the statute of limitations had expired.
 {¶ 27} Appellant's reliance upon the Ohio Supreme Court's holding inO'Stricker, supra, is also misplaced. In O'Stricker, supra, the high court stated:
 {¶ 28} "When an injury does not manifest itself immediately, the cause of action does not arise until the plaintiff knows or, by the exercise of reasonable diligence should have known, that he had been injured by the conduct of the defendant, for purposes of *Page 7 
the statute of limitations contained in R.C. § 2305.10." Id. at syllabus 2.
 {¶ 29} However, this Court has previously held "a reading ofO'Stricker, supra, leads us to the conclusion the Supreme Court of Ohio was not extending the discovery rule to personal injury automobile cases." Barker v. Gibson, (Feb. 8, 1999), Ohio 5th Dist., Stark App. 1998-CA-00144. Rather the discovery rule enunciated inO'Stricker, supra, is limited to asbestos cases or latent disease cases.
 {¶ 30} In this case, there can be no doubt that at the time of accident, appellant knew he had been injured as he had exposed his bruised heel to appellee while at the gas station. Unfortunately, appellant's condition worsened and he presented to the hospital a few days later. That event, however, did not trigger the running to the statute of limitations. As stated above, the statute began to run on the date of the accident.
 {¶ 31} Upon review of the record, we do not find that the trial court committed error in granting appellee's Motion for Summary Judgment.
 {¶ 32} Appellant's sole assignment of error is overruled.
 {¶ 33} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.
 Gwin, P.J. concur. Hoffman, J. concurs separately. *Page 8