{¶ 34} I concur in the majority's disposition and part of its rationale for overruling appellant's sole assignment of error.
 {¶ 35} As an initial matter, I agree with my colleagues it would benefit this Court and the litigants if the trial court would have provided an explanation of its reasoning for granting appellee summary judgment. However, I note the civil rules do not require it to do so. Furthermore, I specifically disagree with my colleagues' conclusion the trial court's granting of appellee's summary judgment motion was "without reasoned analysis." Maj. Op. at para. 9. I presume it was the majority's intention to comment on the absence of a written explanation of its decision; not that the trial court failed to conduct a reasoned analysis of the issue presented before rendering judgment.
 {¶ 36} I concur in the majority's conclusion appellant's affidavit concerning the date of the accident is insufficient to create a genuinely disputed material fact. I do so because appellant's affidavit did not affirmatively establish the date of the accident, but rather suggested two possible dates. Such speculation or conjecture is insufficient to create a genuine dispute of material fact. However I disagree with the majority's blanket conclusion "A party cannot avoid summary judgment solely by submitting a self-serving *Page 9 
affidavit containing nothing more than bare contradictions of the evidence offered by the moving party." Maj. Op. at para. 21.[1]
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The majority cites this Court's opinion in State of Ohio v.$317.49 In U.S. Currency, Ohio 5th District, Stark App. 2006-CA-00318, 2007-Ohio-475, at paragraph 30 in support of this proposition of law. I participated in that decision and concurred separately limiting my agreement to the disposition based on the appellant's challenge of subject matter jurisdiction only, not any alleged improper exercise of that jurisdiction. *Page 1