**[Cite as *Middleton v. Erie Ins.*, 2022-Ohio-2486.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Martiquea Middleton, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 21AP-15 |
| v. | : | (M.C. No. 2020 CVI 028585) |
| Erie Insurance, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on July, 19, 2022

**On brief:** *Martiquea Middleton*, pro se.

**On brief:** *Cabron & Butauski Co. LPA*, and *Alyssa A. Wolf*, for appellee. **Argued:** *Alyssa A. Wolf*.

APPEAL from the Franklin County Municipal Court,
Small Claims Division

MENTEL, J.

{¶ 1} Plaintiff-appellant, Martiquea Middleton, appeals from the judgment of the Franklin County Municipal Court dismissing her personal injury case against defendant-appellee, Erie Insurance. For the reasons that follow, we affirm the judgment of the Municipal Court.

{¶ 2} On November 4, 2020, Ms. Middleton filed a complaint against Erie Insurance in the Small Claims Division of the Franklin County Municipal Court. She alleged that on May 10, 2016, she was "rear-ended in a vehicle crash" by a driver whose policy with Erie Insurance had a $500,000 limit. (Nov. 4, 2020 Compl. at 1.) Ms. Middleton claimed that she "sustained severe injuries to [her] neck and back," including a "fracture in her neck" and a "disc bulge," and that Erie Insurance's refusal to pay her medical bills negatively impacted her credit report. *Id.* The insurer did offer to

settle with Ms. Middleton for $4,696.23, she alleged, including $500 for pain and suffering, and its settlement offer advised her that the statute of limitations for her claim expired on May 10, 2018. *Id.* Ms. Middleton also alleged that a city bus struck her car on March 3, 2018, and that she was in a fire while working at Safelight, a company she described as "a client of Erie Insurance." *Id* at 2. Ms. Middleton alleged that she had a "disability" and that the "disputed matter[s]" between herself and Erie Insurance involved "the extent of the injury and the pain and suffering amount," as well as whether the two-year statute of limitations applied to her claims. *Id* at 2.

{¶ 3} The small claims court magistrate held a hearing to try the case on December 16, 2020, at which Erie Insurance moved to have the suit dismissed. In a decision signed the same day and filed on December 18, 2020, the magistrate granted the motion on the grounds that the case was filed outside the statute of limitations and that Ms. Middleton had failed to "sue the insured" and had sued "only the insurance company." The trial court adopted the magistrate's decision and entered judgment on December 18, 2020.

{¶ 4} Ms. Middleton filed a motion for a new trial on December 18, 2020. She filed a notice of appeal on January 6, 2021, and asserts the following assignments of error:

> [1.] THE TRIAL COURT ERRED WHEN THE APPELLANT ASSERTED IN THE COMPLAINT SHE WAS UNDER A DISABILITY DUE TO THE MOTOR VEHICLE CRASH AND WAS OF AN UNSOUND MIND WHICH IS WHY SHE FILED IN THE SMALL CLAIMS DIVISION.
>
> [2.] THE TRIAL COURT ERRED WHEN IT IGNORED THE VICTIMS RIGHTS ACCORDING TO CHAPTER 2930 OF THE OHIO REVISED CODE.
>
> [3.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT RULED ON A STATUTE OF LIMITATIONS.
>
> [4.] THE TRIAL COURT ERRED WHERE THE DEFENDANT FAILED TO RAISE THE OBJECTION THAT AN ALLEGED CAUSE OF ACTION WAS NOT BROUGHT WITHIN THE TIME LIMITED FOR THE COMMENCEMENT OF SUCH ACTION, BY A DEMURRER OR BY AN ANSWER OR BY MOTION. THEREFORE SUCH DEFENDANT WAIVES THAT GROUND OF OBJECTION.

{¶ 5}    A trial court's dismissal of a complaint for failure to state a claim upon which relief may be granted under Civ.R. 12(B)(6) is usually subject to de novo review. *LGR Realty, Inc. v. Frank & London Ins. Agency*, 152 Ohio St.3d 517, 2018-Ohio-334, ¶ 10. However, Ms. Middleton filed no objections to the magistrate's decision challenging its conclusions of law about the statute of limitations or her failure to sue the proper party. The magistrate's decision expressly warned that a failure to object under Civ.R. 53(D)(3) would affect this court's ability to review those conclusions, as it stated: "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law contained in this decision unless the party timely and specifically objects to that finding or conclusion."   (Dec. 18, 2020 Mag.'s Decision.)  *See also*   Civ.R. 53(D)(3)(b)(iv). Furthermore, Ms. Middleton's motion for a new trial did not remedy the failure to file objections because "the filing of a motion for new trial, pursuant to Civ.R. 59, is not a substitute for the filing of objection(s) pursuant to Civ.R. 53." *Hamilton v. Hamilton*, 10th Dist. No. 14AP-1061, 2016-Ohio-5900, ¶ 5.   Because no objections to the magistrate's decision were filed, appellate review of the dismissal of Ms. Middleton's lawsuit is limited to plain error.  Civ.R. 53(D)(3)(b)(iv).

{¶ 6}    Plain error review is "strictly" limited "to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997).  Thus, "the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Id.* at 122-23.

{¶ 7}    Our review is further constrained by Ms. Middleton's failure to file a transcript of the hearing before the magistrate.  Under App.R. 9(B), "it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed" for appellate review. *See also* App.R.9(B)(3) (mandating that an "appellant shall order the transcript in writing and shall file a copy of the transcript order with the clerk of the trial court").  "When

portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Without a transcript, "we cannot review any of appellant's assignments of error that rely upon factual issues in dispute, and we must presume regularity of the proceedings under such circumstances." *Gomez v. Kiner*, 10th Dist. No. 11AP-767, 2012-Ohio-1019, ¶ 5. Thus, "we may only address arguments in appellant's assignments of error that are based solely on questions of law." *Id.*

**{¶ 8}** In the first assignment of error, Ms. Middleton argues that the trial court erred by applying the two-year statute of limitations for "an action for bodily injury" under R.C. 2305.10 instead of tolling the limitations period under R.C. 2305.16. (Brief of Appellant at 3-7.) The latter statute tolls the limitations period if a person "is, at the time the cause of action accrues, * * * of unsound mind," and permits the person to file the action "after the disability is removed." Ms. Middleton argues that "[d]ue to the injuries" described in her complaint, "she was under a disability" that should have tolled the statute of limitations. (Brief of Appellant at 6.) To support this argument, she cites to a number of unauthenticated medical records and probate records of an involuntary commitment attached to a brief she filed in the trial court in support of her motion for a new trial. *Id.*

**{¶ 9}** As alleged in the complaint, the accident that gave rise to Ms. Middleton's complaint occurred on May 10, 2016. (Nov. 4, 2020 Compl. at ¶ 1.) Her cause of action accrued on that date. R.C. 2305.10(A) (stating that "a cause of action [for bodily injury] accrues * * * when the injury or loss to person or property occurs"); *Combs v. Spence*, 5th Dist. No. 2006CA0034, 2007-Ohio-2210, ¶ 19 (applying R.C. 2305.10(A) and stating that "[p]ersonal injury claims arising from a motor vehicle accident accrue on the day of accident, and the statute of limitations for such claims expires on the two-year anniversary date of the incident"). Her complaint, filed nearly four and one-half years later, was properly analyzed by the trial court as having been filed well outside the limitations period. Thus, the trial court's conclusion that Ms. Middleton's claim was time-barred was not erroneous.

{¶ 10} Nor did the trial court plainly err by failing to apply the tolling provision under R.C. 2305.16 to Ms. Middleton's claim. A "plaintiff bears the burden of presenting evidence substantiating a claim that R.C. 2305.16 tolls the time in which the plaintiff was required to bring her claims against a defendant." *Boyd v. Elsamaloty*, 10th Dist. No. 15AP-533, 2015-Ohio-5578, ¶ 17. Ms. Middleton's failure to provide a transcript of the proceeding requires us "to presume the validity of the lower court's proceedings," so we must presume that the trial court correctly determined that Ms. Middleton failed to prove that the tolling provision applied. *Knapp* at ¶ 199.

{¶ 11} We note that Ms. Middleton filed the brief with the probate records of her involuntary commitment after the trial court had entered judgment dismissing her case, so it is not apparent that the magistrate ever saw the records. However, even if she had presented the records to the magistrate, they did not demonstrate that she was entitled to have the statute of limitations tolled under R.C. 2305.16. The statute requires that "at the time the cause of action accrues * * * the party be of unsound mind" for the limitations period to toll. Ms. Middleton's probate records include an affidavit from a treating physician and an order of commitment both dated March 27, 2019, nearly three years after the cause of action accrued. Because R.C. 2305.16 requires a person to be "of unsound mind" on the date that "the cause of action accrues," the probate records would not have demonstrated that she was entitled to have the statute of limitations period tolled. There is no indication of error in the record, plain or otherwise, concerning the trial court's ruling that the two-year statute of limitations period under R.C. 2305.10(A) barred Ms. Middleton's claim. Accordingly, the first assignment of error is overruled.

{¶ 12} In the second assignment of error, Ms. Middleton argues that the trial court erred by failing to apply Ohio's Victim's Rights statute. She specifically points to that statute's definition of a crime covered by the statute and believes it applies to the motor vehicle accident she was involved in. (Brief of Appellant at 8.) The statute provides that one definition of "crime" includes:

> A motor vehicle accident to which both of the following apply:
>
> (a) The motor vehicle accident is caused by a violation of a provision of the Revised Code that is a misdemeanor of the first degree or higher.

(b) As a result of the motor vehicle accident, the victim receives injuries for which the victim receives medical treatment either at the scene of the accident by emergency medical services personnel or at a hospital, ambulatory care facility, physician's office, specialist's office, or other medical care facility.

R.C. 2930.01(A).

{¶ 13} The Ohio Victim's Rights statute provides crime victims with a number of rights applicable in criminal proceedings, such as the right to be notified of charges against a criminal defendant, the right to confer with prosecution, and the right to be present at proceedings. *See* R.C. 2930.01 *et seq*. "Under R.C. 2930.01's express terms, the definitions in the victim's rights chapter are limited to that chapter," and Ms. Middleton has not explained how the definition she cites is relevant in her civil personal injury case. *State v. Allen*, 159 Ohio St.3d 75, 2019-Ohio-4757, ¶ 13 (holding that R.C. 2930.01 definition of "victim" does not apply in restitution proceeding under R.C. 2929.18). The trial court did not err when it did not apply the Victim's Rights statute in Ms. Middleton's personal injury claim. The second assignment of error is overruled.

{¶ 14} We consider Ms. Middleton's final two assignments of error together. In support of the third assignment of error, Ms. Middleton asserts that because Erie Insurance "never filed any motions orally or in writing," it was error for the trial court to dismiss her case. (Brief of Appellant at 10.) According to her, "no proper motions were filed to dismiss the action." *Id*. In support of the fourth assignment of error, she argues that Erie Insurance waived its statute of limitations defense by failing to assert it in a responsive pleading, citing Civ.R. 12(B). *Id*. at 12.

{¶ 15} Procedure in small claims court is governed by Chapter 1925 of the Ohio Revised Code. *See* R.C. 1925.01 *et seq*. The Ohio Rules of Civil Procedure only apply in small claims proceedings to the extent that they do not conflict with the provisions of Chapter 1925. R.C. 1925.15 (allowing for applicability of Ohio Civil Rules in small claims proceedings "[e]xcept as inconsistent procedures are provided in this chapter or in rules of court adopted in furtherance of the purposes of this chapter"). The Ohio Civil Rules also state that they "shall not apply * * * in small claims matters." Civ.R. 1(C). *See also id.*, Staff Notes ("The small claims action does not contemplate the use of a formal complaint prepared by a lawyer or an answer or elaborate discovery procedures" so that "two citizens

[may] argue their differences informally before a referee."). Under Local Rule 11.01 of the Franklin County Municipal Court, which governs small claims practice there, "[a]nswers and other responsive pleadings are permitted but not required unless specifically ordered by a judge or a magistrate." Thus, Erie Insurance was not required to file an answer or to assert an affirmative defense before the hearing. It is clear from the language of the magistrate's decision that Erie Insurance orally moved to dismiss the case at the hearing because it stated that the motion was "granted." (Dec. 18, 2020 Mag.'s Decision.) And, once again, without a transcript of that proceeding to indicate otherwise, we presume the regularity of what transpired there. The third and fourth assignments of error are overruled.

{¶ 16} Having overruled appellant's four assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

SADLER and JAMISON JJ., concur.

————————————————