[Cite as *DiFiore v. Hirter*, 2025-Ohio-103.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF OHIO

JEFF DI FIORE,                          :

      Plaintiff-Appellant,           :                 No. 113890

      v.                              :

AMY MARIE HIRTER,                       :

      Defendant-Appellee.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 16, 2025

---

Civil Appeal from the Lyndhurst Municipal Court
Case No. 23CVI01301

---

### *Appearances:*

Jeff Di Fiore, *pro se.*

SEAN C. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant Jeff Di Fiore, pro se, appeals the judgment of the trial court in this small-claims action. Upon review, we affirm.

{¶ 2} On June 27, 2023, Di Fiore, a landlord, filed a small-claims complaint against defendant-appellee Amy Marie Hirter, a former tenant, seeking to recover money damages for an unpaid utility gas bill and a late fee plus interest and costs of

the action. The matter proceeded with a small-claims hearing before the court magistrate on January 5, 2024. Both parties appeared pro se.

{¶ 3} On January 24, 2024, the magistrate issued a detailed decision. As the magistrate noted, "the crux of the issue is an EIGHTEEN DOLLAR AND FORTY CENTS ($18.40) Guardian Water and Power bill from March 26 to April 27, 2023, plus late charge and court costs." In setting forth findings of fact, the magistrate reviewed testimony and evidence that were provided.

{¶ 4} Among other findings, the magistrate indicated that Di Fiore claimed that Hirter, who was a tenant for five years ending on April 30, 2023, failed to pay a utility bill in the amount of $18.40; that there was a $35 late fee assessed; and that plaintiff had orally amended his prayer to $218.40. The magistrate listed the exhibits offered by Di Fiore. The magistrate recognized that Hirter "testified that a responsive pleading was not filed, though asserts at trial the amount of ONE HUNDRED AND SIXTY-FIVE DOLLARS ($165) was improperly withheld from the security deposit since the items listed . . . were clearly from normal wear and tear as indicated on . . . video recordings" taken by Hirter upon moving out, which showed the cleanliness and reasonableness of the unit. Hirter disputed items included on the itemized invoice of issues deducted from her security deposit and called a witness who was present when she moved out. Hirter also offered text messages from Di Fiore that demanded $218.40 from Hirter and included punitive costs. The magistrate reviewed other testimony, evidence, and arguments that were presented.

**{¶ 5}** In rendering conclusions of law, the magistrate recognized that "[d]efendant's defense is governed by section 5321.16 of the Revised Code, Procedures for Security Deposits" and that "there is mutuality of obligation that derives from the written lease agreement and Chapter 5321 of the Revised Code." The magistrate found Hirter's defense was proper and rests on equity principles. As stated by the magistrate, "the Plaintiff's claim relates to the failure to pay the final Guardian Water and Power bill . . . . The Defendant claims that the Plaintiff retained an unlawful amount from the security deposit and could have deducted the utility bill amount, which would have been appropriate." The magistrate found that "every item listed on the Invoice from the Plaintiff to the Defendant is considered '*normal wear and tear,*' especially after a FIVE (5) YEAR tenancy" and that the security deposit had been wrongfully withheld. The magistrate did not find the testimony from Di Fiore to be credible and found that Di Fiore could have mitigated damages by paying the bill before the late fee accrued. Other findings were made.

**{¶ 6}** In the end, the magistrate concluded that the amount Hirter owed for the utility bill was to be offset by the inappropriate withholding of the security deposit. However, because Hirter did not file an answer or counterclaim, the court did not address damages, if any, for the withholding of the security deposit. The magistrate's decision awarded Di Fiore damages in the amount of $18.40 along with the filing fee of $90, but the magistrate offset said amount by the withholding of $165 from the security deposit, thereby ordering "neither Party shall pay the other Party any amount."

{¶ 7} Di Fiore filed objections to the magistrate's decision in which he raised challenges regarding the magistrate's introduction of an undisclosed defense of offset, prejudice to Di Fiore, and bias by the magistrate, among other arguments. On April 10, 2024, the lower court issued a judgment entry that overruled Di Fiore's objections to the magistrate's recommendation, adopted the magistrate's decision, and ordered the same award with offset by the security deposit.

{¶ 8} On appeal, Di Fiore claims that the lower court erred by allowing the introduction of an undisclosed defense at trial and by playing an active role in developing and promoting the defense of offset. At the outset, we recognize that Di Fiore takes issue with the lower court considering a defense that was not raised in any pretrial filing in accordance with the civil rules. He claims that his small-claims complaint alleged a breach of the lease agreement for Hirter's failure to pay a gas utility bill for $18.40 and that despite his objection, the magistrate permitted an offset defense to be presented at trial. He further argues that the introduction of this defense during trial prejudiced him because he was unprepared to respond effectively and that he was denied a fair opportunity to litigate the case. Although we certainly understand that Di Fiore believes any defense to his small-claims complaint should have been raised before trial, he overlooks the nature of small-claims proceedings.

{¶ 9} "[B]y design, proceedings in small claims courts are informal and geared to allowing individuals to resolve uncomplicated disputes quickly and inexpensively. Pro se activity is assumed and encouraged. The process is an

alternative to full-blown judicial dispute resolution." *Cleveland Bar Assn. v. Pearlman*, 2005-Ohio-4107, ¶ 15. "Procedure in small claims court is governed by Chapter 1925 of the Ohio Revised Code. *See* R.C. 1925.01 *et seq.*" *Middleton v. Erie Ins.*, 2022-Ohio-2486, ¶ 15 (10th Dist.). Pursuant to R.C. 1925.16, the Ohio Rules of Civil Procedure apply in small-claims proceedings "[e]xcept as inconsistent procedures are provided in [R.C. Ch. 1925] or in rules of court adopted in furtherance of the purposes of this chapter[.]" Pursuant to Civ.R. 1(C)(4), the civil rules, "to the extent that they would by their nature be clearly inapplicable," do not apply to procedure in small-claims matters under R.C. Ch. 1925. Also, pursuant to Evid.R. 101(D)(8), the rules of evidence do not apply to small-claims proceedings.

{¶ 10} We recognize that in other matters, affirmative defenses may be deemed waived if not raised in a responsive pleading. *See State ex rel. Bey v. Bur. of Sentence Computation*, 166 Ohio St. 3d 497, 501 (2022). However, R.C. Ch. 1925 does not contemplate the filing of an answer in a small-claims action, and the time set for trial is not less than 15 days or more than 40 days after the commencement of the action pursuant to R.C. 1925.04(B). *See McCown v. Eichenberger*, 2022-Ohio-2861, ¶ 21 (5th Dist.); *see also* R.C. 1925.05. Thus, a defendant is not required to assert an affirmative defense in a pleading; rather, all that is contemplated is that the defense be raised at some time for consideration by the trial court. *Firestone v. Rainer*, 1980 Ohio App. LEXIS 12947 (4th Dist. Mar. 27, 1980). Because of the

small-claims nature of the proceedings in this matter, the lower court did not err in considering the defense presented at trial.[1]

{¶ 11} In this case, the lower court recognized obligations arising from the written lease agreement and R.C. Ch. 5321. As the Supreme Court of Ohio has observed, "The Landlord-Tenant Act must be interpreted in such a manner that fair and equitable treatment will be afforded to both landlords and tenants." *Vardeman v. Llewellyn*, 17 Ohio St.3d 24, 28 (1985). R.C. 5321.16 sets forth the procedures, rights, and obligations of landlords and tenants with respect to security deposits. R.C. 5321.16(B) provides in relevant part:

> (B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession.

{¶ 12} "R.C. 5321.16(B) imposes a statutory duty upon landlords to return a security deposit within thirty days after the termination of the lease or, within that time, to provide the tenant with an itemized list of claimed deductions together with the balance of the deposit." *Boice v. Emshoff*, 1998 Ohio App. LEXIS 6015, *13-14 (3d Dist. Dec. 3, 1998). "It is the landlord's burden to establish the lawfulness of any

---

[1] We note that in this action an offset defense was applied. Because no counterclaim was filed, the lower court did not address damages, if any, due to Hirter for the withholding of the security deposit. Although R.C. Ch. 1925 does not require an answer to be filed, it does contemplate the filing of a counterclaim or cross-claim in the small-claims division. *See* R.C. 1925.02.

deductions from the security deposit." *Oldendick v. Crocker*, 2016-Ohio-5621, ¶ 30 (8th Dist.), citing *Zeallear v. F & W Props.*, 2000 Ohio App. LEXIS 3321, *10 (10th Dist. July 25, 2000).

{¶ 13} The magistrate's decision reflects that Hirter asserted at trial that $165 had been improperly withheld from her security deposit and she presented exhibits to support her defense. In objecting to the magistrate's decision, Di Fiore failed to include a transcript or an affidavit of the evidence, as required under Civ.R. 53(D)(3)(b)(iii), and no plain error has been raised or shown. Therefore, we will not review the lower court's factual findings. *See State ex rel. Pallone v. Ohio Court of Claims*, 2015-Ohio-2003, ¶ 11. Ultimately, the amount owed for the utility bill should have been applied as a deduction from the security deposit in accordance with R.C. 5321.16(B).

{¶ 14} Upon our review, we find the lower court did not err in determining Hirter was entitled to an offset from the damages awarded to Di Fiore, and the lower court properly determined that no amount was due to either party. We are not persuaded by appellant's arguments otherwise, and we overrule his assignment of error.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, A.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)