[Cite as *Christensen v. Leuthold*, 2009-Ohio-6869.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

MARK A. CHRISTENSEN,

    PLAINTIFF-APPELLANT,        CASE NO. 3-09-14

    v.

SHANE M. LEUTHOLD,        O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Crawford County Common Pleas Court
Trial Court No. 09-CV-0103

**Judgment Affirmed**

Date of Decision: December 28, 2009

APPEARANCES:

    *Mark Christensen,* **Appellant**

    *Shane M. Leuthold,* **Appellee**

**SHAW, J.**

{¶1} Plaintiff-appellant, Mark Christensen, appeals the September 9, 2009 judgment of the Common Pleas Court of Crawford County, Ohio, granting summary judgment in favor of the appellee, Shane Leuthold.[1]

{¶2} The facts relevant to this appeal are as follows. According to the record, Mr. Christensen hired Attorney Leuthold to represent him in a number of legal matters pending in Crawford County, including a divorce, a civil protection order, a juvenile court proceeding, and a criminal case.[2]

{¶3} On February 2, 2007, the juvenile court held an adjudicatory hearing regarding one of Mr. Christensen's children. The court noted that Attorney Leuthold entered an appearance on behalf of Mr. Christensen the day before the hearing and had requested a continuance because of a time conflict he had in another case. The juvenile court denied this request because it found that Mr. Christensen had received his summons to appear for this hearing three weeks prior to the hearing and the mother and the child's guardian ad litem would not waive

---

[1] At the beginning of his oral argument in this matter, Mr. Christensen submitted a number of documents for this Court to consider in support of his position. After being afforded an opportunity to review these documents, Attorney Leuthold objected to this Court considering the documents because they were not before the trial court and made a part of the record. We took Mr. Christensen's request under advisement. Having reviewed the various documents, we find that the majority of them were not before the trial court for consideration, and thus, are not properly before us for review. However, two documents entitled "Oral Appeal Exhibit '2'" and "Oral Appeal Argument Exhibit '5'" were a part of the record and available for the trial court's consideration in this matter. Thus, we will consider them, where appropriate, in our review of this case.

[2] In both parties' briefs to this Court and during oral argument in this matter, the parties made a number of factual representations that are not found anywhere in the record. Thus, this opinion is based solely upon facts contained in the record.

the statutory time period for the adjudicatory hearing. The child was then found to be dependent.[3] As to disposition, the court determined that he should remain with his mother, that there was no need for services from the agency, and that the temporary restraining order prohibiting Mr. Christensen from having contact with the child be made permanent, subject to further review upon Mr. Christensen receiving a mental health assessment and a domestic violence assessment and following any recommendations therefrom. In his response in opposition to Attorney Leuthold's motion for summary judgment, Mr. Christensen stated that Attorney Leuthold told him that he would appeal the juvenile court's decision because the court should not have proceeded with the matter when Mr. Christensen refused to waive his right to counsel.[4] However, Attorney Leuthold never filed an appeal on behalf of Mr. Christensen.

{¶4} As for the criminal case, the only evidence in the record is a verdict form, dated July 6, 2007. This form reflects that a jury found that Mr. Christensen was not guilty of domestic violence in his criminal case. The parties agree that Attorney Leuthold represented Mr. Christensen at this trial.

---

[3] In his brief to this Court, Mr. Christensen repeatedly asserts that he was found guilty at this hearing. However, this was an adjudication of dependency as to one of his children, Brock, not a criminal trial to determine guilt. This dependency, according to the juvenile court's judgment entry, was largely based upon the fact that a sibling of Brock's was previously found to be an abused child by the same court. Thus, Brock was found to be dependent based upon R.C. 2151.04(D). However, this entry also made a previously rendered temporary restraining order into a permanent restraining order and referred to Mr. Christensen as the "alleged perpetrator."

[4] Mr. Christensen attached an affidavit to his written opposition to the motion for summary judgment filed by Attorney Leuthold, wherein he averred that the facts contained in his written opposition were true and accurate.

{¶5}   As for the divorce case and civil protection order, the parties agree that a number of evidentiary hearings were held in the divorce over several months.  Both parties made representations in their briefs to this Court, as well as at oral argument in this matter, regarding the evidence that was brought forth during these hearings.  However, neither party submitted any transcripts of these proceedings or otherwise provided evidence of what transpired during these hearings as part of the record.

{¶6}   The divorce case was finalized on February 5, 2008, by an agreed judgment entry, a copy of which was submitted in the case sub judice.[5]  This entry provided Mr. Christensen with supervised visitation with his four children for one hour per week at Andrew's House in Delaware, Ohio.  Mr. Christensen was also to continue with counseling as long as the counselor deemed necessary.  Neither party was ordered to pay child support, and the tax exemptions for the children were equally divided.  The couple was each awarded the personal property in their respective possessions, and Mr. Christensen was also awarded the couple's real property in Galion, Ohio.  The civil protection orders at issue were also modified by agreement of the Christensens in this entry to allow visitation between Mr. Christensen and his children.   The entry also reflects that Mr. and Mrs. Christensen testified that this agreement was voluntarily entered into by them and

---

[5] A review of the record in this case, including statements made by both parties, seems to indicate that this agreement was orally presented to the divorce court the previous December but the entry was not finalized and filed until February 5, 2008.

4

that both believed that the agreement was fair and equitable and in the best interest of the parties' children.

{¶7}   According to Mr. Christensen, he entered into this agreed judgment because Attorney Leuthold told him that he would get Mr. Christensen "visitation and eventual custody through legal maneuvers if he complied with the courts request for counseling[.]"  (Plaint. Resp. to Mot. for Sum. Judg., July 30, 2009.) After the divorce entry was filed, Mr. Christensen asserts that Attorney Leuthold would not return his calls, he was not allowed to visit his children, and Attorney Leuthold would not respond to Mr. Christensen's counselor's attempts to ascertain what type of counseling Mr. Christensen was to receive in order to comply with the court's orders.

{¶8}   On March 5, 2008, Mr. Christensen, acting pro se, filed a motion in the divorce proceeding for temporary custody of his children.  This motion was denied on March 18, 2008.  The following day, the trial court ordered that any visitation between Mr. Christensen and his son, Brock, be suspended until further hearing.  This order was based upon the recommendation of the children's guardian ad litem in the divorce case, Attorney Brad Starkey.  Attorney Starkey's recommendation was made upon the request of another guardian ad litem for Brock, Sandra Disantis.  Disantis was appointed to be Brock's GAL by the

Delaware County Juvenile Court.[6]  Disantis asserted that Brock's psychologist was concerned that visits with his father would exacerbate Brock's negative behavior, which included acts of domestic violence.  Thus, the divorce court in Crawford County suspended visitation between Brock and Mr. Christensen.[7]

{¶9}   On March 25, 2008, Mr. Christensen wrote a letter to Attorney Leuthold expressing his displeasure with Attorney Leuthold's representation and that he believed that Attorney Leuthold engaged in malpractice in the handling of his cases.  At this time, Mr. Christensen also indicated that he would pursue a court action for malpractice against Attorney Leuthold.

{¶10}  Two months later, in May of 2008, Mr. Christensen filed a grievance against Attorney Leuthold and Attorney Starkey with the Supreme Court's Disciplinary Counsel.  The grievance against Attorney Leuthold was dismissed by the Disciplinary Counsel on July 10, 2008.[8]

{¶11} On March 3, 2009, Mr. Christensen filed a complaint in the Crawford County Common Pleas Court for legal malpractice against Attorneys Leuthold and Starkey.  Both attorneys filed answers, denying the allegations of malpractice and asserting that Mr. Christensen's claims were barred by the

---

[6] Brock was charged in Delaware County Juvenile Court as unruly and as a delinquent by reason of an act that would constitute the offense of domestic violence if committed by an adult.

[7] In reviewing Starkey's motion to suspend visitation and the letter of Disantis, it appears that Mr. Christensen had yet to visit with Brock as of March 16, 2008, despite the order of visitation issued in the divorce on February 5th.

[8] The record does not reveal whether the grievance against Starkey was also dismissed, but a letter, purportedly written by Attorney Starkey to Mr. Christensen, indicates that the grievance against him was also dismissed.

applicable statute of limitations. Attorney Starkey filed a motion for summary judgment on March 12, 2009. Mr. Christensen timely responded to this motion and attached numerous exhibits in support. This motion was granted on May 14, 2009, based upon the fact that Attorney Starkey was the GAL for the Christensen children during the divorce, not Mr. Christensen's attorney.

{¶12} On June 5, 2009, the trial court issued a scheduling order. In this order, the court ordered that Mr. Christensen provide the name of all expert witnesses by September 1, 2009. The court also set a trial date of November 24, 2009.

{¶13} Mr. Christensen filed a motion to qualify Rhetta M. Daniel, Esq., as an expert witness for legal malpractice on July 22, 2009. Attached to this motion was Daniel's curriculum vitae. Two days later, Attorney Leuthold filed a motion for summary judgment. He attached a copy of the agreed judgment entry of divorce and his personal affidavit to this motion, which included an averment that he did not breach his duty to Mr. Christensen during his representation of Mr. Christensen's cases and that at no time did his representation fall below the standard of care of a reasonable attorney in similar cases. Mr. Christensen filed his response to this motion on July 30, 2009, and attached his personal affidavit and numerous exhibits in support of his response.

{¶14} On September 9, 2009, the trial court granted summary judgment in favor of Attorney Leuthold. This appeal followed, and Mr. Christensen now asserts five assignments of error.

{¶15} Initially, we note that Mr. Christensen's asserted assignments of error consist of quotations of the trial court's judgment entry, with citations to their respective page numbers. Although these assignments of error are not specific, a review of his brief, including the statement of issues presented for review, reveals that Mr. Christensen is assigning the trial court's decision to grant summary judgment as error for two reasons: (1) the trial court erred in finding that there was no genuine issue of material fact regarding whether Attorney Leuthold breached his professional duty; and (2) the trial court erred in finding that the complaint was filed outside of the applicable statute of limitations.

{¶16} The standard for review of a grant of summary judgment is one of de novo review. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. Thus, a grant of summary judgment will be affirmed only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, "summary judgment shall not be rendered unless it appears * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against

whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his favor." Id.

{¶17} The moving party may make his motion for summary judgment in his favor "with or without supporting affidavits." Civ.R. 56(B). However, "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus. Summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the nonmovant. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360, 604 N.E.2d 138, 1992-Ohio-95. Once the moving party demonstrates that he is entitled to summary judgment, the burden then shifts to the nonmoving party to show why summary judgment in favor of the moving party should not be rendered. See Civ.R. 56(E). In fact, "[i]f he does not so respond, summary judgment, if appropriate, shall be entered against him." Id.

{¶18} The Ohio Supreme Court has held that the following elements are necessary to establish a cause of action for legal malpractice: "(1) an attorney-client relationship, (2) professional duty arising from that relationship, (3) breach of that duty, (4) proximate cause, (5) and damages." *Shoemaker v. Gindlesberger*, 118 Ohio St.3d 226, 887 N.E.2d 1167, 2008-Ohio-2012, at ¶ 8, citing *Vahila v.*

*Hall*, 77 Ohio St.3d 421, 427, 674 N.E.2d 1164, 1997-Ohio-259; *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 105, 538 N.E.2d 1058. "If a plaintiff fails to establish a genuine issue of material fact as to any of the elements, the defendant is entitled to summary judgment on a legal-malpractice claim." *Shoemaker*, supra.

{¶19} In the case sub judice, Attorney Leuthold acknowledges that an attorney-client relationship existed between him and Mr. Christensen and that he had a professional duty arising from that relationship. However, Attorney Leuthold maintains, and the trial court determined, that Attorney Leuthold did not breach that duty.

{¶20} In a legal malpractice action, "[e]xpert evidence is required * * * to establish the attorney's breach of duty of care except in actions where the breach or lack thereof is so obvious that it may be determined by the court as a matter of law, or is within the ordinary knowledge and experience of laymen." *Bloom v. Dieckmann* (1st Dist., 1983), 11 Ohio App.3d 202, syllabus, 464 N.E.2d 187; see, also, *McInnis v. Hyatt Legal Clinics, Inc.* (1984), 10 Ohio St.3d 112, 461 N.E.2d 1295. In addition, "an affidavit from the defendant or acting attorney can suffice as a legally sufficient basis upon which to grant a motion for summary judgment absent an opposing affidavit of a qualified expert witness for the plaintiff." *Roberts v. Hutton*, 152 Ohio App.3d 412, 787 N.E.2d 1267, 2003-Ohio-1650, at ¶ 55, citing *Hoffman v. Davidson* (1987), 31 Ohio St.3d 60, 62, 508 N.E.2d 958.

{¶21} As previously noted, in support of his motion for summary judgment, Attorney Leuthold attached his personal affidavit. In this affidavit, he averred that he was a licensed attorney in the State of Ohio, had personal knowledge of the facts and circumstances of the case, that he was competent to testify about all matters in the case, that he did not breach any duty to the plaintiff during his representation, and that his representation did not fall below the standard of care of a reasonable attorney in similar cases. Mr. Christensen provided no evidence, other than his own affidavit regarding what he believed to be malpractice on Attorney Leuthold's part, to demonstrate a genuine issue of material fact as to whether Attorney Leuthold breached his duty to his client.

{¶22} Mr. Christensen averred that the following acts and/or failures to act on the part of Attorney Leuthold constituted malpractice: (1) that Attorney Leuthold failed to appear for the hearing in juvenile court and did not file an appeal on his behalf; (2) that Attorney Leuthold did not properly represent him during the divorce proceedings and his attorney's actions during these proceedings show that the attorney conspired with Mrs. Christensen, her attorney, and the GAL to deprive him of his children, including failing to provide evidence to the court that the witnesses against him were committing perjury and telling him that if he agreed to attend counseling and to have supervised visitation with the children initially, "the sooner he would petition the court to go from the agreed upon

11

supervised weekly visits, to full custody[;]" and (3) that Attorney Leuthold did not respond to his counselor's questions regarding what type of counseling he needed in order to obtain custody of his children.

{¶23} None of these claimed breaches of duty are within the ordinary knowledge, experience and understanding of laymen such that would constitute attorney malpractice as a matter of law. Instead, the claimed errors arose out of numerous hearings, involving trial strategy and the attorney's legal and ethical obligation to have a good faith basis for presenting evidence and/or claims. See Civ.R. 11; Prof. Cond. Rule 3.1. In addition, the record is devoid of any specific information/evidence that Attorney Leuthold possessed and/or to which he had access that supports Mr. Christensen's claims regarding Attorney Leuthold's mishandling of the divorce proceedings and *his* failure to determine what kind of counseling Mr. Christensen needed.[9] Rather, Mr. Christensen's response in opposition to Attorney Leuthold's motion for summary judgment, to which he attached his personal affidavit averring that all factual statements contained in his response were true, is purely self-serving and is largely unsupported by any other evidence in the record. A party may not use his own self-serving affidavit to establish a genuine issue of material fact if such affidavit contains nothing more

---

[9] The only evidence regarding a request from Mr. Christensen's counselor is a letter purportedly written by Sharon Howe, MA, LPCC, of Family Life Counseling & Psychiatric Services, on January 16, 2008. However, this letter is addressed to Attorney Starkey, not Attorney Leuthold. More importantly, this letter was not submitted to the trial court, but rather, is one of the exhibits provided to this Court by Mr. Christensen at the oral argument in this matter, which, as previously noted, is not properly before us for consideration.

than bare contradictions of other competent evidence and a conclusory statement of law. *Combs v. Spence*, 5th Dist. No. 2006CA0034, 2007-Ohio-2210, at ¶ 21, citing *Ohio v. $317.49 in United States Currency*, 5th Dist. No. 2006-CA-00318, 2007-Ohio-475, at ¶ 30; see also *Church v. Fleishour Homes, Inc.*, 172 Ohio App.3d 205, 874 N.E.2d 795, 2007-Ohio-1806, at ¶ 34, citing *Bhatia v. Johnston* (C.A.5, 1987), 818 F.2d 418, 421-422; *Am. Heritage Life Ins. Co. v. Orr* (C.A.5, 2002), 294 F.3d 702, 710 (self-serving affidavits, unsupported and without corroborating evidentiary materials, are not sufficient to create a genuine issue of material fact on summary judgment).

{¶24} Given the allegations made by Mr. Christensen to support his malpractice action, an expert opinion was necessary to determine whether Attorney Leuthold breached his duty to Mr. Christensen. Further, an expert would have to evaluate Attorney Leuthold's performance in light of the information known to Attorney Leuthold during the pendency of the juvenile court and divorce proceedings in order to form an opinion regarding whether he breached his duty.

{¶25} In the case sub judice, Mr. Christensen failed to present an expert opinion that Attorney Leuthold breached his duty to Mr. Christensen during his representation of Mr. Christensen. Naming someone as an expert in this area and asking the trial court to make a pre-trial determination that this person is qualified

as an expert in the legal field, as Mr. Christensen did, is simply not enough.[10] As such, no genuine issue of material fact existed as to whether Attorney Leuthold breached his duty to Mr. Christensen. To the contrary, the only evidence on this matter was that no breach occurred. Thus, summary judgment was properly granted on this basis.

{¶26} Having determined that no genuine issue of material fact existed as to the element of a breach of duty and that summary judgment was properly granted on that basis, the issue regarding the statute of limitations is moot.

{¶27} For all these reasons, all five assignments of error are overruled and the judgment of the Common Pleas Court of Crawford County, Ohio, is affirmed.

*Judgment Affirmed*

**PRESTON, P.J., and ROGERS, J., concur.**

**/jlr**

---

[10] Mr. Christensen appears to believe that a motion to qualify a person as an expert in a certain field and a judicial finding that the person is qualified as an expert are pre-requisites to submitting that person's expert opinion, through an affidavit or some form of testimony, on an issue to avoid summary judgment. However, this belief is inaccurate.