[Cite as *Bader v. Ferri*, 2013-Ohio-3074.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY


MEGAN A. BADER,

      PLAINTIFF-APPELLANT,             CASE NO. 1-13-01

      v.

PAUL T. FERRI, ET AL.,                O P I N I O N

      DEFENDANTS-APPELLEES.


**Appeal from Allen County Common Pleas Court**
**Trial Court No. CV20120454**

**Judgment Affirmed**

**Date of Decision:   July 15, 2013**


APPEARANCES:

    *Michael A. Rumer and Victoria Maisch Rumer* **for Appellant**

    *Carol K. Metz* **for Appellees**

**PRESTON, P.J.**

{¶1} Plaintiff-appellant, Megan A. Bader ("Bader"), appeals the Allen County Court of Common Pleas' December 12, 2012 judgment entry granting the motion for summary judgment of defendants-appellees Huffman, Kelley, Brock & Gottschalk, LLC ("HKBG") law firm and former HKBG associate, Paul G. Ferri ("Ferri") (collectively "Appellees"), and dismissing the case, and January 8, 2013 judgment entry denying Bader's Civ.R. 60(B) motion for relief from the trial court's December 12, 2012 judgment entry. For the reasons that follow, we affirm.

{¶2} Bader filed a complaint against the Appellees on June 4, 2012, alleging legal malpractice. (Doc. No. 1). Bader alleged that the Appellees "agreed to provide legal representation to [Bader] with regard to a personal injury/malpractice action which occurred on or about April, 2009 arising out of [Bader's] participation on the Women's Golf Team at Bowling Green State University ["BGSU"] * * *." (*Id.* ¶ 4). She further alleged that the Appellees "failed to institute the proper legal proceedings in [Bader's] personal injury/malpractice action against BGSU and/or others associated with BGSU within the applicable statute of limitations period and, therefore, breached their duties owed to [Bader]." (*Id.* ¶ 6). Bader alleged that as a result of the Appellees' "negligent legal representation," she was barred from recovering for her "personal

injury/malpractice action," and that "[a]s a direct and proximate result of [the Appellees'] breach of their duties to [Bader], [Bader] has suffered compensatory and consequential damages, including but not limited to past and future medical expenses, pain and suffering, and additional attorneys' fees and expenses." (*Id.* ¶ 9).

{¶3} The Appellees filed their answer on June 26, 2012, denying that they were liable and that they caused Bader's alleged damages. (Doc. No. 5). The trial court issued a scheduling order on September 6, 2012, establishing dates and deadlines in the case, including a June 3, 2013 deadline for filing motions for summary judgment. (Doc. No. 9). The scheduling order stated, "[t]hirty days after a motion for summary judgment is filed, it will be deemed submitted for decision on the briefs and material submitted pursuant to Civ. R. 56(C) unless otherwise ordered by the Court." (*Id.*).

{¶4} On November 5, 2012, the Appellees filed a "motion for summary judgment as to underlying claim." (Doc. No. 13). In it, they argued that the Appellees were entitled to summary judgment because Bader's "claim against BGSU was precluded by the Release and Indemnity Agreement she signed prior to consulting" the Appellees. (*Id.*). Attached to the motion was a two-paragraph affidavit of Appellees' attorney, Carol K. Metz, in which she swore that she was "competent to testify as to the matters set forth herein" and to which she attached

"a true and accurate copy of the release received from Plaintiff's Responses to Defendants' Request for Production of Documents." (Metz Aff. ¶ 1-2, Ex. A, Doc. No. 13, attached).

{¶5} Three days later, counsel for the Appellees deposed Bader and her parents, Marc and Cheryl Bader. (Doc. Nos. 14-16). On December 12, 2012—thirty-seven days after the Appellees filed their motion for summary judgment—the trial court issued a judgment entry granting summary judgment in favor of the Appellees. (Doc. No. 17). The trial court concluded that summary judgment was proper because Bader released BGSU from all liability in the underlying case for which she retained the Appellees, and her underlying claim against BGSU was thus precluded. (*Id.* at 1, 7). In its judgment entry, the trial court noted that Bader did not respond to the Appellees' motion for summary judgment. (*Id.* at 1).

{¶6} Five days after the trial court filed its judgment entry, Bader moved for relief from that judgment pursuant to Civ.R. 60(B). (Doc. No. 19). In her motion, Bader argued that her counsel never received a copy of the Appellees' motion for summary judgment, notwithstanding that motion's certificate of service, in which counsel for the Appellees certified that she served Bader's counsel with a copy of the motion "via regular U.S. mail, postage prepaid, on this 30th day of October, 2012 * * *." (*Id.* at 1); (Doc. No. 13 at 10). Bader's attorneys swore in affidavits attached to Bader's Civ.R. 60(B) motion that they did

not receive or see a copy of the Appellees' motion for summary judgment before December 14, 2012. (M. Rumer Aff., V. Rumer Aff., Maisch Aff., Doc. No. 19, attached). Bader acknowledged that she signed the release—titled "RELEASE, CONSENT TO TREATMENT, AND INDEMNIFICATION AGREEMENT" ("Release")—but argued that the Release applied only to her participation in golf and that she possessed a meritorious claim because the Release did not bar recovery for her alleged injury, which she says resulted from BGSU athletic trainers' improper diagnosis and failure to refer her to a qualified orthopedic or neurosurgeon. (Doc. No. 19 at 5).

{¶7} On January 2, 2013, the Appellees filed an opposition to Bader's Civ.R. 60(B) motion, arguing that Bader did not satisfy her burden under Civ.R. 60(B). (Doc. No. 20). They argued that the Release "expressly releases the BGSU trainers from liability, including liability related to diagnosis and treatment[.]" (*Id.* at 6). On January 8, 2013, the trial court issued a judgment entry denying Bader's Civ.R. 60(B) motion, concluding that while she made her motion within a reasonable time and was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), she failed to demonstrate that she had a meritorious claim. (Doc. No. 21 at 3-8).

{¶8} Bader appealed the trial court's December 12, 2012 and January 8, 2013 judgment entries to this Court on January 10, 2013. (Doc. No. 23). She raises five assignments of error for our review, which we address out of order.

**Assignment of Error No. I**

**The trial court erred in granting defendants' motion for summary judgment in that defendants failed to meet the requisite standards of Civ. R. 56.**

{¶9} In her first assignment of error, Bader argues that it was error for the trial court to consider Metz's affidavit and the copy of the Release attached to it. She argues that as the Appellees' counsel, Metz did not have "personal knowledge" of the Release and was not competent to authenticate it. Therefore, Bader argues, the Release was not proper evidence under Civ.R. 56(C), and the trial court erred in basing its summary judgment decision on it.

{¶10} As an initial matter, Bader, in her notice of appeal, directly appealed two judgment entries. (Doc. No. 23). We will, therefore, review each judgment entry—the first granting summary judgment, and the second denying Bader's Civ.R. 60(B) motion—independently and according to the standard of review governing each. *See* Civ.R. 54.

{¶11} We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a

matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994). If a non-moving party does not respond to a motion for summary judgment, "summary judgment, if appropriate, shall be entered against the party." *Chase Home Fin., L.L.C. v. Heft*, 3d Dist. Nos. 8-10-14 and 8-11-16, 2012-Ohio-876, ¶ 28, quoting Civ.R. 56(E) (internal quotation marks omitted).

{¶12} Bader centers her argument on the trial court's consideration of a copy of the Release that she argues was improperly authenticated by Metz's affidavit. "Civ.R. 56(C) controls the materials that the court may consider when it determines whether there are any triable issues of fact for the purposes of summary judgment." *Armaly v. City of Wapakoneta*, 3d Dist. No. 2-05-45, 2006-Ohio-3629, ¶ 17, citing *Bowmer v. Dettelbach*, 109 Ohio App.3d 680, 684 (6th Dist.1996). The rule directs the court to consider only "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action * * *." Civ.R. 56(C). *See also Armaly*, 2006-Ohio-3629, at ¶ 17.

{¶13} "A document that does not fit within a category listed in Civ.R. 56 may be introduced as evidentiary material supporting a motion for summary

judgment where it is incorporated by reference in a properly framed affidavit." *Retail Recovery Serv. of NJ v. Conley*, 3d Dist. No. 10-09-15, 2010-Ohio-1256, ¶ 15, citing Civ.R. 56(E) (additional citations omitted). "The incorporated document must be properly authenticated to be of the evidentiary nature required by Civ.R. 56(C)." *Id.*, citing *Gen. Motors Acceptance Corp. v. Hollanshead*, 105 Ohio App.3d 17, 20 (3d Dist.1995). However, when a party fails to object to evidence that is otherwise inadmissible under Civ.R. 56(C), "the court may, but is not required to consider such evidence when it determines whether summary judgment is appropriate." *Armaly*, 2006-Ohio-3629, at ¶ 17, citing *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 473 (1998) and *Bowmer*, 109 Ohio App.3d at 684; *Consumer Portfolio Servs., Inc. v. Staples*, 6th Dist. No. S-06-031, 2007-Ohio-1531, ¶ 30, citing *State ex rel. Cincinnati Enquirer v. Hamilton Cty. Commrs.*, 1st Dist. No. C-010605, 2002-Ohio-2038.

{¶14} In our de novo review of the trial court's decision to grant summary judgment, we consider the evidence that the trial court did, even if the evidence was otherwise inadmissible. *Staples*, 2007-Ohio-1531, at ¶ 30, citing *State ex rel. Cincinnati Enquirer*, 2002-Ohio-2038; *Zivich v. Village of Northfield*, 9th Dist. No. 24836, 2010-Ohio-1039, ¶ 11. Conversely, we may not consider evidence that the trial court did not consider. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360 (1992).

**{¶15}** Here, the trial court based its summary judgment decision on the copy of the Release attached to Metz's affidavit. We agree with Bader that Metz's affidavit was insufficient to authenticate the copy of the Release attached to it. Civ.R. 56(E) requires that affidavits "be made on personal knowledge," "set forth such facts as would be admissible in evidence," and "show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." *Conley*, 2010-Ohio-1256, at ¶ 16, quoting Civ.R. 56(E) (internal quotations marks omitted). "Personal knowledge" must be "gained through firsthand observation or experience." *Emerson Family Ltd. Partnership v. Emerson Tool, L.L.C.*, 9th Dist. No. 26200, 2012-Ohio-5647, ¶ 19, quoting *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 21 and *Black's Law Dictionary* 875 (7th Ed.Rev.1999) (internal quotation marks omitted). "The subject of a witness's testimony must have been perceived through one or more of the senses of the witness." *Id.*, quoting *Bonacorsi*, 2002-Ohio-2220, at ¶ 21 and Weissenberger, *Ohio Evidence* 213, Section 602.1 (2002) (internal quotation marks omitted). "Courts have found that the personal knowledge requirement of Civ.R. 56(E) is satisfied where the affiant asserts personal knowledge and the nature of the facts involved and the identity of the affiant 'creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit.'" *Conley*, 2010-Ohio-

1256, at ¶ 16, quoting *Bank One, N.A. v. Lytle*, 9th Dist. No. 04CA008463, 2004-Ohio-6547, ¶ 13.

**{¶16}** The affidavit of an attorney swearing to having personal knowledge of receiving a document—in discovery, for example—is insufficient to authenticate the document under Civ.R. 56, unless the attorney prepared or executed the document, perceived its preparation or execution with his or her senses, or otherwise has personal knowledge of the document's origin. *Emerson Family Ltd. Partnership*, 2012-Ohio-5647, at ¶ 20-21, citing *Johnston v. Great Lakes Constr. Co.*, 9th Dist. No. 95CA006111, *3 (Feb. 28, 1996) and *Windsor v. Noldge*, 3d Dist. No. 13-96-11, *2 (Aug. 26, 1996). "Even if the attorney had personal knowledge about where he received the documents and received them directly from the keeper of those records, an attestation to that effect does not serve to authenticate them." *Id.* at ¶ 21, citing *Windsor* at *2.

**{¶17}** In the body of her affidavit, Metz swore that she was competent to testify to the matters set forth in the affidavit and attached a copy of the Release that she received in discovery:

**{¶18}** Affiant, Carol Metz, first duly sworn states as follows:

1. I am of legal age and competent to testify as to the matters set forth herein.

2.     Attached as Exhibit A is a true and accurate copy of the release received from Plaintiff's Responses to Defendants' Request for Production of Documents.

AFFIANT FURTHER SAITH NAUGHT

(Metz Aff., Doc. No. 13, attached).  In her affidavit, Metz did not swear to any facts indicating that she had personal knowledge of the Release's preparation, execution, or origin.  Rather, it is clear from her affidavit that Metz intended to authenticate the Release based only on her having received it in discovery.  Her attempt at authentication of the Release was insufficient under Civ.R. 56, and the Release was not evidence properly before the trial court.  *Emerson Family Ltd. Partnership*, 2012-Ohio-5647, at ¶ 21, citing *Windsor* at \*2.

{¶19} Nevertheless, we hold that it was not error for the trial court to consider the Release.  At the time it issued its judgment entry granting summary judgment in favor of the Appellees, the trial court had before it only the Appellees' motion for summary judgment, with a certificate of service and Metz's affidavit attached to it.  Bader did not file a response because, according to her and her counsel, she did not receive a copy of the Appellees' motion.

{¶20} "A presumption of proper service arises when the record reflects that a party has followed the Civil Rules pertaining to service of process."  *Poorman v. Ohio Adult Parole Authority*, 4th Dist. No. 01CA16, 2002-Ohio-1059, \*2, citing

*Potter v. Troy*, 78 Ohio App.3d 372, 377 (2d Dist.1992). Civ.R. 5(B)(3) requires that served documents be "accompanied by a completed proof of service which shall state the date and manner of service, specifically identify the division of Civ.R. 5(B)(2) by which the service was made, and be signed in accordance with Civ.R. 11." Here, the certificate of service accompanying the Appellees' motion for summary judgment and signed by Metz stated:

CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing *Defendants Paul T. Ferri and Huffman, Kelley, Brock & Gottschalk, LLC's Motion for Summary Judgment as to Underlying Claim* was served via regular U.S. mail, postage prepaid, on this 30th day of October, 2012 to the following:

Victoria Maisch Rumer, Esq.
Michael A. Rumer, Esq.
Rumer & Maisch
212 N. Elizabeth Street, Suite 410
Lima, Ohio 45801

*Attorneys for Plaintiff*

(Emphasis sic.) (Doc. No. 13 at 10). This certificate of service complied with Civ.R. 5(B)(3) because it: stated the date of service—October 30, 2012; stated the manner of service—regular U.S. mail, postage prepaid—which constituted service under Civ.R. 5(B)(2)(c); and, was signed by Appellees' counsel.

{¶21} Based on the uncontested, Civil Rule-compliant certificate of service that the trial court had before it at the time, it was free to presume that the Appellees served Bader's counsel with a copy of their motion for summary judgment. *Poorman*, 2002-Ohio-1059, at *2. While Metz's affidavit was insufficient to authenticate the copy of the Release attached to it, at the time the trial court decided the Appellees' motion for summary judgment, Bader had not responded or objected, and the trial court was free to consider it as well. *Armaly*, 2006-Ohio-3629, at ¶ 17. Therefore, the trial court did not consider more or less than it was allowed to consider in rendering its summary judgment decision.

{¶22} We recognize that this treatment of the record may appear harsh considering that—after learning of the trial court's decision to grant the Appellees' motion for summary judgment—Bader's attorneys filed uncontested affidavits with a Civ.R. 60(B) motion swearing that they did not receive a copy of the Appellees' motion. We also recognize that "[s]ummary judgment should be granted with caution, resolving all doubts in favor of the nonmoving party." *ISHA, Inc. v. Risser*, 3d Dist. No. 1-12-47, 2013-Ohio-2149, ¶ 28, citing *Osborne v. Lyles*, 63 Ohio St.3d 326, 333 (1992). However, in this direct appeal from the trial court's summary judgment decision, we consider the evidence that the trial court did at the time it rendered its decision—no more, and no less. *Staples*, 2007-Ohio-1531, at ¶ 30. Indeed, it would be improper for us to consider portions of the

record postdating the trial court's summary judgment decision in evaluating whether the trial court should have rendered summary judgment. *See Reveille II, L.L.C. v. Ion*, 9th Dist. No. 25456, 2011-Ohio-1212, ¶ 13. When Bader learned of the trial court's decision, she was not without recourse. Indeed, she filed a Civ.R. 60(B) motion.

**{¶23}** We next proceed to the merits of the trial court's summary judgment. In her brief, Bader does not address the substance of the trial court's summary judgment decision; however, she argues in her first assignment of error that the Appellees "failed to meet the requisite standards of Civ. R. 56." (Appellant's Brief at 3). Therefore, we elect to address the substance of the trial court's summary judgment decision, in which it concluded that summary judgment on Bader's legal malpractice claim against the Appellees was proper because Bader could not have prevailed on her underlying claim against BGSU.

**{¶24}** "The Ohio Supreme Court has held that the following elements are necessary to establish a cause of action for legal malpractice: '(1) an attorney-client relationship, (2) professional duty arising from that relationship, (3) breach of that duty, (4) proximate cause, (5) and damages.'" *Christensen v. Leuthold*, 3d Dist. No. 3-09-14, 2009-Ohio-6869, ¶ 18, quoting *Shoemaker v. Gindlesberger*, 118 Ohio St.3d 226, 2008-Ohio-2012, ¶ 8. "'If a plaintiff fails to establish a genuine issue of material fact as to any of the elements, the defendant is entitled to

summary judgment on a legal-malpractice claim.'" *Id.*, quoting *Shoemaker*, 2008-Ohio-2012, at ¶ 8.

{¶25} "Where a plaintiff files a legal malpractice action premised on an attorney's failure to file an action within the applicable statute of limitations period, the plaintiff must establish that, but for the attorney's negligence, the plaintiff would have succeeded on the 'case within a case.'" *Carter v. Vivyan*, 10th Dist. No. 11AP-1037, 2012-Ohio-3652, ¶ 15, citing *Young-Hatten v. Taylor*, 10th Dist. No. 08AP-511, 2009-Ohio-1185, ¶ 26, *Neighbors v. Ellis*, 120 Ohio St.3d 276, 2008-Ohio-6105, ¶ 2, and *Environmental Network Corp. v. Goodman Weiss Miller, L.L.P.*, 119 Ohio St.3d 209, 2008-Ohio-3833. If there is no genuine issue of material fact that the plaintiff would not have succeeded on the underlying claim, then summary judgment in favor of the defendant is proper. *See Christensen*, 2009-Ohio-6869, at ¶ 18, quoting *Shoemaker*, 2008-Ohio-2012, at ¶ 8.

{¶26} Bader based her legal malpractice claim against the Appellees on their alleged failure to file Bader's "personal injury/malpractice action" against BGSU within the applicable statute of limitations. (Complaint ¶ 6, Doc. No. 1). Thus, if there was no genuine issue of material fact that Bader would not have succeeded on her "personal injury/malpractice action" against BGSU, then

summary judgment in favor of the Appellees was proper. *See Christensen*, 2009-Ohio-6869, at ¶ 18, quoting *Shoemaker*, 2008-Ohio-2012, at ¶ 8.

**{¶27}** The trial court based its summary judgment decision on the Release, in which Bader released BGSU, its athletic trainers, and other affiliates from liability for any claims resulting from Bader's participation in intercollegiate athletics, including any consequences from diagnostic, medical, or surgical treatment:

RELEASE

In further consideration of being permitted to participate in intercollegiate athletics, I herby [sic] accept all risks to my health and of my injury or death that may result from such participation. I hereby release and discharge BGSU, its board of trustees, officers, employees, agents and representatives from any liability to me, my personal representatives, heirs, next of kin, and assigns, from any and all claims, causes of action, damages, and costs for any and all illness or injury to my person, including death that may result from or occur during my participation, or loss of or damage to my property, to the full extent allowed by law.

Case No. 1-13-01

<u>CONSENT TO TREATMENT</u>

In further consideration of being permitted to participate in intercollegiate athletics, I hereby authorize and consent to such diagnostic, medical and/or surgical treatment as may be considered necessary or appropriate under the circumstances for the treatment of any illness or injury arising from or sustained by me while engaged in activities related to intercollegiate athletics. The attending physician(s), athletic trainer(s), appropriate staff, and BGSU and its officers, agents, and employees shall not be responsible in any way for any consequences from said diagnostic, medical and/or surgical treatment and are hereby released from any and all claims and causes of action that may arise, grow out of, or be incident to such diagnosis and treatment, to the full extent allowed by law.

* * *

**I HAVE CAREFULLY READ THIS AGREEMENT AND UNDERSTAND IT TO BE A RELEASE OF ALL CLAIMS AND CAUSES OF ACTION FOR INJURY OR DEATH OR DAMAGE TO MY PROPERTY THAT OCCURS WHILE PARTICIPATING IN INTERCOLLEGIATE ATHLETICS * * *.**

-17-

(Emphasis sic.) (Release, Metz Aff., Ex. A, Doc. No. 13, attached).

{¶28} "Releases from liability for future tortious conduct are generally not favored by the law and are narrowly construed." *Brown-Spurgeon v. Paul Davis Systems of Tri-State Area, Inc.*, 12th Dist. No. CA2012-09-069, 2013-Ohio-1845, ¶ 50, citing *Glaspell v. Ohio Edison Co.*, 29 Ohio St.3d 44, 46-47 (1987). "Such exculpatory clauses are to be strictly construed against the drafter unless the language is clear and unequivocal." *Id.*, citing *Glaspell*, 29 Ohio St.3d at 47. "Additionally, while the execution of a release may bar claims of negligence, it cannot bar claims of willful and wanton conduct." *Id.* (citations omitted).

{¶29} "Nonetheless, courts routinely apply such releases to bar future tort liability as long as the intent of the parties, with regard to exactly what kind of liability and what persons [or] entities are being released, is stated in clear and unambiguous terms." *Id.* at ¶ 51, citing *Hague v. Summit Acres Skilled Nursing & Rehab.*, 7th Dist. No. 09 NO 364, 2010-Ohio-6404, ¶ 20. "On the other hand, where the language of the release is ambiguous or too general, courts have held that the intent of the parties is a factual matter for the jury." *Id.*, citing *Hague*, 2010-Ohio-6404, at ¶ 20. "'The pivotal inquiry is whether it is clear from the general terms of the entire contract, considered in light of what an ordinary prudent and knowledgeable party of the same class would understand, that the

Case No. 1-13-01

proprietor is to be relieved from liability for its own negligence.'" *Id.*, quoting *Swartzentruber v. Wee-K Corp.*, 117 Ohio App.3d 420, 425 (4th Dist.1997).

**{¶30}** We agree with the trial court that the Release clearly and unambiguously reflects the intent of Bader and BGSU and barred Bader's "personal injury/malpractice action" as a matter of law. We conclude, as the Fourth District did in *Swartzentruber*, that it is sufficiently clear from the general terms of the Release, considered in light of what an ordinary prudent and knowledgeable student-athlete would understand, that BGSU and its employees, agents, and representatives were to be relieved from liability for their own negligence. 117 Ohio App.3d at 425. The Release applied to "any and all claims" resulting from "participation" in intercollegiate athletics, as well as "any and all claims" arising from "diagnostic, medical and/or surgical treatment" of injuries sustained by Bader "while engaged in activities related to intercollegiate athletics * * *." *Id.* at 426 ("[I]t is difficult to construe a release 'from any and all claims' that arise 'out of any and all personal injuries' as anything but a release of liability for negligence."). Above the signature line is a conspicuous, bolded statement reading, "**I HAVE CAREFULLY READ THIS AGREEMENT AND UNDERSTAND IT TO BE A RELEASE OF ALL CLAIMS AND CAUSES OF ACTION FOR INJURY * * * THAT OCCURS WHILE PARTICIPATING IN INTERCOLLEGIATE ATHLETICS * * *.**" The scope

-19-

of the Release is bounded by the phrase, "to the full extent allowed by law." Finally, the Release clearly sets forth who Bader was releasing: "BGSU, its board of trustees, officers, employees, agents and representatives" in the "RELEASE" clause, and "[t]he attending physician(s), athletic trainer(s), appropriate staff, and BGSU and its officers, agents, and employees" in the "CONSENT TO TREATMENT" clause. For these reasons, we conclude that the Release is clear, unambiguous, and enforceable.

{¶31} Having concluded that the Release clearly and unambiguously reflects the intent of Bader and BGSU, we hold that the trial court properly concluded that there is no genuine issue of material fact that Bader would not have succeeded on her "personal injury/malpractice action" against BGSU because the Release barred her claim. Bader alleged in her complaint that her "personal injury/malpractice action * * * ar[ose] out of [Bader's] participation on the Women's Golf Team at [BGSU] * * *." (Complaint ¶ 4, Doc. No. 1). The Release encompassed claims for injuries to Bader "that may result from or occur during [Bader's] *participation*" in intercollegiate athletics—in Bader's case, women's golf. (Emphasis added.) (Release, Metz Aff., Ex. A, Doc. No. 13, attached). Therefore, the plain language of the Release barred Bader's underlying "personal injury/malpractice action" against BGSU.

{¶32} Bader's first assignment of error is, therefore, overruled.

**Assignment of Error No. IV**

**The trial court erred in considering and granting defendants' motion for summary judgment in that defendants failed to timely file said motion pursuant to Civ. R. 5(D).**

{¶33} In her fourth assignment of error, Bader argues that the trial court erred in considering the Appellees' motion for summary judgment because the Appellees filed it six days after purportedly serving it by mail on Bader, in violation of Civ.R. 5(D). We disagree.

{¶34} "Civ.R. 5(D) provides that all papers, after the complaint, required to be served upon a party shall be filed with the court within three days after service upon the opposing party." *Sovey v. Lending Group of Ohio*, 8th Dist. No. 84823, 2005-Ohio-195, ¶ 9. Service by mailing a document to the recipient's last known address by United States mail is complete upon mailing. Civ.R. 5(B)(2)(c). "Failure to file within the three-day period can result in the court striking the filing." *Sovey*, 2005-Ohio-195, at ¶ 9. "The trial court's decision regarding whether to permit or reject a filing will not be disturbed on appeal absent an abuse of discretion." *Id.* at ¶ 10, citing *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464 (1995).

{¶35} Here, the certificate of service accompanying the Appellees' motion for summary judgment said the motion was served by United States mail on October 30, 2012—a Tuesday. (Doc. No. 13). The clerk's stamp on the motion is

dated November 5, 2012—the following Monday, six calendar days and four business days later. (*Id.*). Thus, the Appellees failed to timely file their motion under Civ.R. 5(D). It is the responsibility of the filer, not the clerk of courts, to ensure that a document is timely filed.

{¶36} Nevertheless, Bader cites no authority suggesting that the trial court abused its discretion by considering the Appellees' motion. As we discussed above, the certificate of service complied with the requirements of Civ.R. 5(B)(3). "The filing of the subsequent pleading, written motion, or other important paper under Rule 5(D), although obviously very important for record purposes, is a secondary act." *Nosal v. Szabo*, 8th Dist. Nos. 83974 and 83975, 2004-Ohio-4076, ¶ 17, quoting 1970 Staff Note, Civ.R. 5 (internal quotation marks omitted). We hold that the trial court did not abuse its discretion in considering the Appellees' motion.

{¶37} Bader's fourth assignment of error is, therefore, overruled.

### Assignment of Error No. III

**The trial court erred when it determined plaintiff failed to meet the Civ. R. 60(B)(1) requirement when the court used improper Civ. R. 56(C) evidence to overcome plaintiff's allegations in her complaint of operative facts giving rise to a meritorious claim.**

### Assignment of Error No. II

**The trial court erred and denied plaintiff due process of law when it determined that plaintiff did not receive service (notice) of defendants' motion for summary judgment, but then denied**

**plaintiff the right to respond to defendants' motion for summary judgment by denying plaintiff relief from judgment.**

{¶38} In her third assignment of error, Bader argues that the trial court erred when it concluded that she did not satisfy her burden under Civ.R. 60(B) of establishing a meritorious claim. In her second assignment of error, Bader argues that the trial court denied her due process of law when it concluded that she did not receive a copy of the Appellees' motion for summary judgment, but denied her Civ.R. 60(B) motion and did not afford her the opportunity to respond to the motion for summary judgment. We disagree.

{¶39} Civ.R. 60(B) sets forth the bases upon which a court may relieve a party from judgment and provides, in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable

that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

In order to prevail on a motion brought pursuant to Civ.R. 60(B),

the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

"These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Bish Constr., Inc. v. Wickham*, 3d Dist. No. 13-12-16, 2013-Ohio-421, ¶ 15.

{¶40} Where the movant is seeking relief from the granting of a motion for summary judgment to which he did not respond, "the party seeking relief must show that it could make an adequate response, demonstrating the existence of a

genuine issue of material fact, pursuant to *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, if it had the opportunity to respond." *G&S Mfg. v. Lagos & Lagos*, 2d Dist. No. 2005 CA 72, 2007-Ohio-1507, ¶ 7, quoting *Dysert v. State Auto Mut. Ins. Co.*, 2d Dist. No. 98-CA-46 (Apr. 23, 1999) (internal quotation marks omitted). In other words, the movant must allege "operative facts" with enough specificity to demonstrate the existence of a genuine issue of material fact. *Id.* at ¶ 7, 18; *Community Natl. Bank v. Parsons*, 3d Dist. No. 8-11-15, 2013-Ohio-2383, ¶ 13. "Operative facts are facts that tend to show the existence of a meritorious defense or claim." *Gregory v. Abdul Aal*, 11th Dist. No. 2002-T-0176, 2004-Ohio-1703, ¶ 22.

{¶41} "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). An abuse of discretion constitutes more than an error of judgment; rather, it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶42} Here, the trial court concluded that Bader made her Civ.R. 60(B) motion within a reasonable time, thus satisfying the third prong of the *GTE* test. (Doc. No. 21 at 3). The trial court also concluded that Bader satisfied the second prong of the *GTE* test, presumably based on a theory of "excusable neglect" under

Civ.R. 60(B)(1). (*Id.* at 3-4). The trial court cited the uncontested affidavits of Bader's attorneys, in which they swore that they did not receive or see the Appellees' motion for summary judgment before the trial court issued its December 12, 2012 judgment entry granting summary judgment. (*Id.*). However, the trial court concluded that Bader failed to demonstrate that she had a meritorious claim under the first prong of the *GTE* test.

{¶43} To demonstrate that she had a meritorious claim, Bader was required to allege sufficiently specific "operative facts" demonstrating the existence of a genuine issue of material fact. *G&S Mfg.*, 2007-Ohio-1507, at ¶ 7, 18. Bader argued in her Civ.R. 60(B) motion that her alleged injuries were not covered by the Release because the injuries stemmed not from her participation in golf at BGSU, but from the BGSU athletic trainers improperly diagnosing her with sciatica, and their refusal "to refer Bader to a qualified orthopedic or neurosurgeon as requested by Bader." (Doc. No. 19 at 5). The trial court rejected this argument, concluding that Bader failed to allege sufficiently specific operative facts.

{¶44} As we noted above, Bader alleged in her complaint that her "personal injury/malpractice action * * * ar[ose] out of [her] participation on the Women's Golf Team at [BGSU] * * *." (Complaint ¶ 4, Doc. No. 1). She backtracked in her Civ.R. 60(B) motion, alleging that her injuries resulted from "the conduct of the BGSU trainers," "not her golf." (Doc. No. 19 at 5). Even setting aside this

contradiction and accepting as true Bader's allegations in her Civ.R. 60(B) motion, they do not demonstrate facts tending to show the existence of a meritorious claim.

{¶45} We concluded above that the Release is valid and enforceable against Bader. In it, Bader "authorize[d] and consent[ed] to such diagnostic, medical and/or surgical treatment as may be considered necessary or appropriate under the circumstances for the treatment of any illness or injury arising from or sustained by [Bader] while engaged in activities related to intercollegiate athletics," and she "released from any and all claims and causes of action that may arise, grow out of, or be incident to such diagnosis and treatment, to the full extent allowed by law." Bader released the BGSU athletic trainers from negligence claims related to their diagnosis and treatment of Bader, which encompasses the conduct that Bader alleges in her Civ.R. 60(B) motion—an improper diagnosis and failure to refer Bader to a specialist.

{¶46} Bader failed to allege any facts demonstrating the existence of a genuine issue of material fact. Bader failed to contest the authenticity of the Release in the trial court and has waived that argument on appeal. *Hartley v. Miller*, 3d Dist. No. 8-08-33, 2009-Ohio-1923, ¶ 17, citing *Marysville Newspapers, Inc. v. Delaware Gazette Co., Inc.,* 3d Dist. No. 14-06-34, 2007-Ohio-4365, ¶ 23. In fact, in her Civ.R. 60(B) motion, Bader acknowledged that the Release was "signed by Bader on August 21, 2007" and "was provided defense

counsel in discovery." (Doc. No. 19 at 5). Nor has Bader alleged that the conduct of the BGSU athletic trainers was wanton or willful and, therefore, not covered by the Release.

**{¶47}** We hold, therefore, that the trial court did not abuse its discretion in concluding that Bader failed to allege sufficiently specific operative facts to demonstrate a meritorious claim and in denying her Civ.R. 60(B) motion.

**{¶48}** In her second assignment of error, Bader argues that the trial court denied her due process of law when it denied her Civ.R. 60(B) motion and did not permit her to respond to the Appellees' motion for summary judgment.

**{¶49}** Judging by her brief, it appears Bader believes she was automatically entitled to an opportunity to respond to the Appellees' motion for summary judgment when the trial court acknowledged Bader's attorneys' uncontested affidavits swearing that they did not receive or see a copy of the motion for summary judgment before the trial court issued its decision granting summary judgment. Bader offers no authority supporting her blanket proposition and ignores the requirements of the *GTE* test.

**{¶50}** If Bader would have demonstrated the existence of a genuine issue of material fact in her motion, in addition to satisfying the other elements of the *GTE* test, then the trial court could have granted her motion and given her the opportunity to respond to the Appellees' motion for summary judgment. *See G&S*

*Mfg.*, 2007-Ohio-1507, at ¶ 7. The trial court's acknowleding that Bader's attorneys did not receive a copy of the Appellees' motion for summary judgment satisfied but one prong of the *GTE* test—excusable neglect under Civ.R. 60(B)(1). *Byers v. Dearth*, 4th Dist. No. 09CA3117, 2010-Ohio-1988, ¶ 10 (affirming trial court's denial of appellant's Civ.R. 60(B) motion for relief from summary judgment, despite appellant satisfying the second prong of the *GTE* test because his counsel did not receive a copy of the motion for summary judgment).

{¶51} Bader was still required to allege sufficiently specific operative facts demonstrating the existence of a genuine issue of material fact. *G&S Mfg.*, 2007-Ohio-1507, at ¶ 7, 18. Her failure to do so does not constitute a violation of her due process rights.

{¶52} Bader's third and second assignments of error are, therefore, overruled.

### Assignment of Error No. V

**The trial court erred in denying plaintiff a hearing on the motion for relief from judgment filed pursuant to Civ. R. 60(B).**

{¶53} In her fifth assignment of error, Bader argues that the trial court erred by not holding a hearing on her Civ.R. 60(B) motion. We disagree.

{¶54} "It is an abuse of discretion for a trial court to overrule a Civ.R. 60(B) motion for relief from judgment without holding an evidentiary hearing *only if* the motion or supportive affidavits contain allegations of operative facts which

-29-

would warrant relief under Civ.R. 60(B)." (Emphasis sic.) *McFall v. McFall*, 9th Dist. No. 26418, 2013-Ohio-2320, ¶ 13, quoting *Aurora Loan Servs., L.L.C. v. Wilcox*, 2d Dist. No. 2009 CA 9, 2009-Ohio-4577, ¶ 15 (internal quotation marks omitted).

{¶55} We held above that the trial court properly concluded that Bader failed to allege sufficiently specific operative facts tending to show the existence of a genuine issue of material fact, or meritorious claim. Therefore, the trial court did not abuse its discretion in denying Bader's Civ.R. 60(B) motion without holding an evidentiary hearing.

{¶56} Bader's fifth assignment of error is, therefore, overruled.

{¶57} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, J., concurs.**

**ROGERS, J., concurs in Judgment Only as to Assignment of Error No. I**

**/jlr**